## CHARLESTON.

LEE R. COLEBANK, *etc.* v. NELLIE COAL & COKE COMPANY

(No. C. C. 396)

Submitted January 12, 1927. Decided January 18, 1927.

EXPLOSIVES—*Declaration For Death of Child, Playing With Dangerous Combustibles Carelessly Stored on Playground, Held Good on Demurrer.*

A declaration in an action for wrongful death, alleging that the defendant maintained on its premises a public playground or place of amusement for the use of children and others of that community; and, further, that the plaintiff's intestate, a child of tender years, residing in said community, sustained injuries, resulting in his death, while playing with dangerous combustibles carelessly stored by said defendant in a watercloset thereon, which was open to all who frequented said playground, *Held,* good on demurrer.

(Explosives, 25 C. J. § 36.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified case from circuit court, Monongalia county.

Action by Lee R. Colebank, administrator of Donald F. Colebank, deceased, against the Nellie Coal & Coke Company, to recover for wrongful death. After sustaining a demurrer to the declaration, the trial court certified its ruling.

*Demurrer overruled; remanded.*

*Stanley R. Cox* and *Frank Cox,* for plaintiff.
*Glenn Hunter,* for defendant.

WOODS, JUDGE:

Lee R. Colebank, the duly appointed and qualified administrator of Donald F. Colebank, deceased, instituted this action in case against the Nellie Coal & Coke Company, a corporation, to recover $10,000.00 for the wrongful death of his decedent, by reason of the gross and wanton negligence on the part of said coal company in storing powder in an unlawful and negligent manner on its properties, which were being used, and had been previously used, by the public as a place of amusement, recreation, etc.—proceeding upon the theory that his decedent was an invitee, rather than a mere trespasser or licensee. The defendant interposed a demurrer to the declaration, which was sustained by the Court. Said ruling is certified here for review.

The declaration consists of two counts. The first, among other material allegations, alleges that the defendant was on the 6th day of December, 1925, the date of the injury complained of, and for a long time prior thereto, the owner of a coal mine and plant together with a tract or parcel of surface land which was substantially uninclosed and open to all persons who might desire to go upon the same for amusement, recreation, play or for other purposes; that the defendant so kept and maintained and permitted to be kept and maintained said lot or parcel of surface land as a public playground and place of amusement for the use of children and others of the community in which same is situate, in which community plaintiff's decedent resided on the date of his injury; that upon said tract or parcel of surface land there was located a certain wooden outbuilding—"commonly called a water closet"—composed of combustible material, which building

was unlawfully, negligently and carelessly kept and maintained by the defendant for the storing of powder, and also in violation of Chap. 15H, §36A, Code; that large quantities of powder were stored therein on the date aforesaid, and that the door of said outbuilding was permitted to remain unlocked, unfastened and unguarded and open to all persons who might desire to go into, occupy or use the same; that the plaintiff's decedent, an infant between the age of nine and ten years, together with other children ranging from eight to twelve years of age, went upon said tract of land on the 6th day of December, 1925, and into said outbuilding as aforesaid, and without knowledge of realization, because of their youth and inexperience, of the dangerous character of the powder stored in said outbuilding, removed certain quantities of said powder from said building and placed a part of said powder in the pockets of their clothing, procured a tin can and placed a quantity of said powder in said can, and placed said can on the ground about twenty feet from said outbuilding, and placed a lighted match to it; that the explosion which followed ignited the powder in the pockets of said decedent and set fire to his clothing; and that said decedent died within about two days thereafter as a result of the burns sustained thereby.

The second count is practically a re-statement of the material facts of the first, except it omits the statutory prohibition, and that it describes the wooden outbuilding as a ''certain other wooden outbuilding, commonly called a water closet, and that said outbuilding * * * at the time of the damage and injury to the plaintiff's decedent * * * was then and there and had been then and there kept, maintained and controlled by the said defendant, unlocked and unfastened for the use of children and others who might desire to go into or use the same, of all of which the said defendant then and there and during all the times aforesaid had full knowledge and notice.''

The defendant contended that the plaintiff's decedent was a trespasser, or licensee, and therefore could not recover. The following cases are cited in support of its contention: *Martin v. Coal Co.*, 70 W. Va. 711; *Dickinson v. Coal Co.*, 76 W. Va. 148; *Simmons v. C. & O. Railway Co.*, 97 W. Va. 104; *Rine v. Morris*, 99 W. Va. 52. Under the facts in each of the foregoing

cases, the injured party was either a trespasser or a licensee. In the instant case we have three elements: *First*, the property was a public amusement or playground for the community, owned and controlled by the defendant; *Second*, the charge of gross and inexcusable negligence on behalf of the defendant in leaving unprotected, unguarded, and open, that peculiarly combustible, inflammable and dangerous material used by coal companies, known as "rock powder" or "giant powder", in a place on said playground frequented by those using the same; and, *Third*, the infancy of the decedent and the other children with him. Thus we see that the decedent entered upon the defendant's surface land, which was kept and maintained by it for public play and amusement, and on which the children and others of the community (including decedent) were permitted by the defendant to assemble at will, for play and amusement. Under the allegations of the declaration, the decedent was not a mere trespasser or licensee. He was there by legal invitation of the defendant company. An invitation may be legal and implied and not express. If there is created, as here charged, a place of amusement, and it is made attractive to persons who have occasion to pass that way and said creation causes such persons to come upon the premises, the persons so availing themselves of such opportunity are invitees. The rule of reasonable care applies as to the safety of the premises. "To persons induced, allured or enticed by the owner to enter upon premises, or thereon by his express or implied invitation, he owes a higher degree of care, in having and keeping the premises reasonably safe, if such persons were mere licensees." *Smith* v. *Sundy Creek Co.*, 74 W. Va. 606. Also see: *Seler* v. *Coal Co.*, 51 W. Va. 318; *Williams* v. *Coal & Coke Co.*, 55 W. Va. 84; *Nichol's Admr.* v. *Railway Company*, 83 W. Va. 99; *Railroad Co.* v. *Moore*, 94 Va. 493. Thus the invitation whether express or implied is especially recognized in the decisions as changing the status of the parties and their duties as well. The Supreme Court of Oklahoma, in the case of *Folsom-Morris Coal Mining Co.* v. *DeVork*, 61 Okla. 75, recognizes this principle. In that case the mining company was engaged in mining coal and in connection therewith maintained and uninclosed powder house, in which it stored in cans

blasting powder. When the powder was practically removed from said cans, the cans containing small quantities of powder were thrown on the ground near said powder house, where infants had access to such cans. From said cans, D. and J., infants, gathered a quantity of powder, which D. and J. carried in cans to a point 300 yards from where said powder was obtained. J. strewed the powder carried by him upon the ground, struck a match and applied it to said train of powder about the time that D. attempted to pick up some of said powder upon the ground. The powder upon the ground exploded, and ignited the powder in the can carried by D., which also exploded and severely burned and permanently injured D. In that case the court held, that although such injuries be immediately brought about by the intervening cause of the striking of the match by J., such intervening cause was set in motion by the original wrongdoing of the mining company in throwing out said cans containing said small portions of powder in a place accessible to D. and J., and said mining company is liable for the resulting damages caused by said explosion of powder. That case did not contain the element of the injured party being an invitee as here. It was contended there, as here, that the plaintiff was a trespasser. This contention was swept aside by the Oklahoma court as not well taken.

We are of opinion that each count of the declaration is good on demurrer, and we so certify.

*Demurrer overruled; remanded.*