# Richmond.

EASTERN SHORE OF VIRGINIA AGRICULTURAL ASSOCIATION v. FRANK M. LeCATO.

September 27, 1928.

The opinion states the case.

*Benjamin T. Gunter* and *J. Brooks Mapp*, for the plaintiff in error.

*B. Drummond Ayres* and *James E. Heath*, for the defendant in error.

CRUMP, P., delivered the opinion of the court.

This case is the sequel to the case of *LeCato against The Agricultural Association*, reported in 147 Va. 885, 133 S. E. 488. At the first trial of the case a verdict and judgment was rendered for the defendant which was reversed by this court for error in the instructions, and the case remanded for a new trial.

Upon a second trial the jury found for the plaintiff and assessed his damages at $3,750.00. The court refused to set aside the verdict, and entered judgment. Whereupon the defendant in this case procured a writ of error.

The main facts deducible from the entire record are stated in detail by Judge Christian in the opinion on the first appeal, and need not be restated here, as counsel on both sides agree that the evidence at the second trial in no way materially differed from the evidence introduced on the first trial, and that Judge Christian had made a clear statement of the facts. Avoiding needless repetition we refer to the opinion on the first appeal for a history of the case.

In the present petition for a writ of error, only one assignment of error is relied upon, namely, that the verdict was contrary to the law and the evidence. The argument in support of this contention is based entirely upon the insistence by the plaintiff in error

(defendant on the trial) that the danger confronting the plaintiff in the case is shown by the evidence to be so open and obvious that the plaintiff was guilty of contributory negligence in failing to observe it, and so was himself the author of the injury he suffered.

Among the cases in Virginia in which the principles of law relative to the obligation of an owner of premises not to expose an invitee to danger, the following may be noted: *Richmond, etc. Ry. Co.* v. *Moore*, 94 Va. 493, 27 S. E. 70, 37 L. R. A. 258; *Nesbit* v. *Webb*, 115 Va. 362, 79 S. E. 330; *Hospital, etc.* v. *Thompson*, 116 Va. 101, 81 S. E. 13, 51 L. R. A. (N. S.) 1025; *Davis Bakery* v. *Dozier*, 139 Va. 628, 124 S. E. 411.

See generally *Loney* v. *Laramie Auto Company*, 36 Wyo. 339, 255 Pac. 350, 53 A. L. R. 73.

The plaintiff, LeCato, upon entering the fair grounds, after looking at some exhibits, approached the tree, around which the seats were arranged in octagonal form, from a direction opposite to the side of the tree on which the broken seat was. For the purpose of watching the races he stepped up to a seat on the top or second tier, the broken seat on the lower tier being at an angle to his left as the seating arrangement encircled the tree. As he got down he turned to his left and stepped upon one end of the displaced board of the broken seat, some portion of which flew up and injured him.

The testimony establishes that he had not observed the damaged condition of the seating arrangement at this point, and was not aware of any danger as he stepped off the higher seat to this lower tier, as he would naturally do in descending to the ground. It also establishes that the defendant had placed no danger signal there, nor taken other steps to warn its patrons of possible peril in the use of the seating ar-

rangement. Witnesses for the plaintiff, one or more of whom were on the seats on the same side of the tree with LeCato, testified they did not notice the broken seat. Others walking by the tree testified they did not notice it. Witnesses for the defendant testified that as they approached the tree the damaged and dangerous condition of the board in question was in full view. The defendant exhibited to the jury several photographs, taken five or six months subsequent to the occurrence and after the seat had been repaired, from a reconstruction to represent the appearance of the place according to the recollection of some persons who had seen it on the day of the injury to the plaintiff.

The defendant insists that the photographs disclose that the plaintiff could not have failed to see the broken step from where he was sitting, if he had looked, and in the petition it is added:

"If he failed to look and was injured, he was guilty of contributory negligence and cannot recover. The plaintiff tells you himself in that part of his testimony quoted above that he did not look before getting down, just switched right around and stepped right down. Not to have looked, not to have used his powers of observation, when so doing would have disclosed the unsafe condition of the seat and prevented the accident, is such negligence on his part as to defeat recovery."

Such an argument is based upon a mistaken theory of the law. The plaintiff had paid an entrance fee and was entitled to assume that the means of access to a seat and of egress or descent from it were not accompanied by any danger. He could not be required, without any knowledge or warning of danger, to be on the lookout for it. It was not negligence on the part of the plaintiff to fail to be on the lookout for a possible omission of the defendant to comply with its

duty. *Hospital of St. Vincent of Paul* v. *Thompson*, 116 Va. 101, 81 S. E. 13, 51 L. R. A. (N. S.) 1025; *Virginia, etc. Co.* v. *Perkey*, 143 Va. 168, 130 S. E. 403. The duty to protect an invitee is necessarily co-extensive with the invitation.

In dealing with the care due to an invitee, and the exercise of care by him, regard must be had to the character of the invitation. They may be entitled to a high degree of protection. *Davis Bakery* v. *Dozier, supra*. The plaintiff in the instant case was not merely invited to enter the grounds. By the placing of seats around this tree, he was specifically invited to make use of a seat so provided, and had a right to assume that in being seated and in leaving his seat, the arrangement was so constructed as to be sound and stout, and could be safely used. While the common definition of negligence is the failure to use such care as an ordinarily prudent person would exercise under the same or similar circumstances, still negligence is a relative term and the degree of care in fact should be greater or less commensurate with the circumstances.

■■ One acting upon an invitation to occupy a seat upon a series of seats arranged in step like form, as in the instant case, would be under no obligation to expect lack of safe construction, but only to use such care as the average person would exercise in leaving his seat to prevent stumbling or falling. While this is the true measure generally of the care to be exacted of the plaintiff as an invitee under the circumstances of this case, yet it must be added, unless the dangerous condition of the lower step, as he made use of it in leaving, was upon and obvious and should have been observed by a person in the exercise of ordinary care. Ten instructions were given by the court to the jury covering every phase of the case, and very fairly guarding the interests

of each side. The question of whether the dangerous condition was so open and obvious as to prevent a recovery by the plaintiff was submitted to the jury in clear terms. The general instruction, stating the circumstances under which the plaintiff was entitled to a verdict, concludes thus: "Unless you shall further believe from the evidence that the unsafe condition of said seating arrangement was open and obvious and should have been observed by a person in the exercise of reasonable care and prudence, having reference to the opportunities afforded plaintiff to detect such dangerous conditions as disclosed by the whole evidence."

An additional instruction directed solely to this defense was given, thus:

"The court instructs the jury: That if they believe from the evidence that the condition of the seat in question at the time of the accident was patent or obvious and that a reasonable man could or should therefore have seen that same was unsafe to sit or step on having reference to the opportunities afforded plaintiff to detect such dangerous condition as disclosed by all the evidence in the case, in that event it was not the duty of the officials of the defendant fair to give any sort of warning, and one injured in sitting or stepping on said seat was guilty of contributory negligence and cannot recover for any damages sustained."

■ Considering the duty resting upon the defendant, the character of the plaintiff as an invitee, and the opportunities which he had to detect any danger in placing his weight upon the lower step, as he would naturally do in leaving his seat, the court cannot say that the evidence discloses conclusively, as a matter of law, that the plaintiff was guilty of contributory negligence. The verdict met with the approval of the trial court.

■ On the question submitted, the plaintiff in error is here as on a demurrer to the evidence, and every inference which the jury might have fairly drawn from the evidence in favor of LeCato must be drawn by this court. The evidence was sufficient to support a verdict, either way, as indicated in the opinion of Judge Christian on the former appeal and by the judgment of this court then in remanding the case for a new trial generally.

We find no error in the judgment of the trial court, and it will be affirmed.

*Judgment affirmed.*

CHRISTIAN, J., dissenting.