# Richmond

## ACME MARKETS, INCORPORATED V. ALFRED M. REMSCHEL.

March 8, 1943.

Record No. 2627.

Present, All the Justices.

The opinion states the case.

*Gardner L. Boothe*, for the plaintiff in error.

*Charles Henry Smith*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Acme Markets, Incorporated, a grocery chain, claims to be aggrieved by a final judgment for $10,000 entered against it and in favor of Alfred M. Remschel for damages for alleged personal injuries suffered by Remschel when he stumbled over the stump of a post left on a parking lot which was operated by the plaintiff in error in connection with its store in Alexandria.

Except in one important particular which will be adverted to later, there is no substantial conflict in the evidence. On Saturday, March 22, 1941, at approximately 8 p. m., Remschel, who was the plaintiff below and who now will be likewise referred to, drove his automobile into the parking lot of the defendant which was provided by it for the benefit of its customers. The parking lot adjoined the store of the defendant and, like the store, abutted on King street. The lot was level and hard surfaced. The plaintiff parked his car on the east side of the lot and then went into the store to purchase groceries. He purchased eggs, milk, potatoes, and other groceries and they were placed in a bag which he carried from the store. In proceeding to his automobile, he went across the parking lot but before reaching the automobile he stumbled over the stump of the post. This stump was from 4 inches to 18 inches high according to the testimony of at least one witness, but from an inspection of the photographs which were filed as exhibits, it is clearly observed that it was nearer 4 to 8 inches high and not 18 inches.

The stub was left after cutting a post that originally stood there serving as one of the two posts that marked the former

entrance to the lot. On three sides of the post in question, concrete had been built up in such a manner as to divert the wheels of automobiles when getting too close to the post. When the post nearest the stone was cut, instead of digging up the stub, it was left with three sides flush with the built-up concrete. The side nearest the store was left exposed, forming an obstacle protruding from 4 to 8 inches on that side.

The defendant had actual knowledge of this obstruction. A customer, who had damaged the muffler and gas tank of his automobile by backing over the obstruction, had previously complained to the manager of the defendant company. The manager had reported the condition to his company prior to the injury to the plaintiff but the company had failed to remove the stump.

The plaintiff suffered serious and permanent injuries and will be compelled to wear a back brace the rest of his life. He was in the real estate business and was 66 years of age when he suffered the injury. It will materially curtail his business activities for the rest of his life. The *quantum* of damages awarded him is not challenged by an assignment of error.

The conflict in the evidence to which we have previously referred is concerning the sufficiency of the light on the night of the accident in the area in which the stump had been left standing.

The manager of the store testified that the area was well lighted by a 300 watt light suspended nearby at a sufficient height. The plaintiff, on the other hand, testified that it was dark in the area of the stump. There was testimony of another witness to the same effect, and further that the stump was more difficult to see because it was exposed on only one side, and its color was somewhat like that of the surface. One witness said "It wasn't very noticeable because it was rather dark. It could have been me. I don't think I would notice it myself. In fact, it was the color of the ground or the other concrete".

Only two questions are presented by the assignments of error. First, was there sufficient evidence of the negligence of the defendant to carry that question to the jury and, if so, would this court be justified in concluding, as a matter of law, that the plaintiff was guilty of contributory negligence which bars his recovery.

The instructions are not questioned. There being no objection to them, they are conclusively presumed to have correctly expressed the applicable law. In them the court below, in the performance of its function, has described the duty and measure of care the defendant owed the plaintiff.

The instructions embraced familiar rules of law for the guidance of the jury. The court, in defining the care owed by the defendant to the plaintiff, in substance declared that the plaintiff occupied the position of an invitee while upon the parking lot and that he had the right to assume that the surface would be smooth and free from unusual and dangerous obstructions; that it was the defendant's duty to exercise reasonable care to keep the parking lot in a reasonably safe condition; that if the plaintiff, being free of negligence on his part, were injured as a result of stumbling over the stump which protruded above the surface, and if the defendant had negligently permitted the stump to remain on the lot, the plaintiff would be entitled to recover. The court also instructed the jury in effect that the plaintiff was bound to exercise reasonable care in walking over the lot and if his own carelessness caused or efficiently contributed to his injury or concurred therein, he could not recover.

The foregoing principles were applied in *Raylass Chain Stores* v. *DeJarnette*, 163 Va. 938, 178 S. E. 34. There the plaintiff was injured, while a customer in the store of the defendant, by falling down a stairway maintained in the rear of the store. This court held the plaintiff to have been an invitee, and quoted with approval a statement from 26 R. C. L., p. 55, which reads: "The authorities are entirely agreed upon the proposition that an owner or occupant of lands or buildings, who directly or by implication, invites

or induces others to go thereon or therein, owes to such person a duty to have the premises in a reasonably safe condition, and to give warning of latent or concealed defects." Other Virginia cases were cited with approval. Among them were *Richmond, etc., Ry. Co.* v. *Moore's Adm'r,* 94 Va. 493, 504, 27 S. E. 70, 37 L. R. A. 258; *Eastern Shore of Virginia Agricultural Association* v. *Le Cato,* 151 Va. 614, 144 S. E. 713.

■ The latest case is *Knight* v. *Moore,* 179 Va. 139, 18 S. E. (2d) 266. There we reiterated the duty of the owner of premises to an invitee. The owner, of course, is not an insurer but he must use ordinary care to render the premises reasonably safe for the visit of the invitee.

■ The owner must give notice or warning of an unsafe condition which is known to him and is unknown to the invitee, but notice is not required where the dangerous condition is open and obvious to a person who is exercising reasonable care for his own safety. In the absence of knowledge or warning of danger, the invitee is not required to be on the lookout for it because he may assume that the premises are reasonably safe for his visit. *Knight* v. *Moore, supra.*

■ ■ Should the trial court have withdrawn from the jury the questions of negligence and contributory negligence? If the defendant's conduct were open to two reasonable views or conclusions, one of which would have led to a finding of negligence against it, while the other would have led to a finding that there was no negligence on its part, then such negligence would have been for the jury. Negligence here could only become a law question if but one conclusion could be reached. There is no conflict in the evidence as to the existence of the obstruction, or the defendant's knowledge of it, or that it caused the plaintiff to stumble and fall. He received his injuries as a result of the fall.

■ In deciding when negligence is a jury question and when it is not, courts are sometimes required to draw rather indistinct lines. Many cases are doubtful and could

easily fall on one side or the other. Often it is difficult to decide. There are some general principles, the consideration of which are helpful. In reaching a decision as to when a case is for the jury and when it is not, we must first find whether a particular act has been performed or omitted. To determine this involves a question of fact, but whether the performance or omission of the particular act was a breach of legal duty is a law question. Negligence is the failure to perform some act required by law or doing the act in an improper manner. The law determines the duty, and the jury, upon the evidence, determines whether the duty has been performed. In other words, what duty rests upon the defendant, is a law question and, whether or not the duty was properly performed is a purely factual matter for the jury. The law imposes duties upon men according to the circumstances in which they are called to act. Whether the circumstances exist which impose the duty upon a particular person is for a jury.

We have held that the presence or absence of negligence is a question for the jury, not only where there is a conflict in the evidence on the subject, but also where there is room for a difference of opinion among reasonable men as to the proper inference which might fairly be drawn from unconflicting evidence. Diverse inferences may reasonably be drawn from undisputed facts. Whenever the facts proved without dispute require the exercise of reason and judgment, so that one reasonable mind may infer that a controlling fact exists and another that it does not exist, there is a question for the jury.

Insufficient evidence is, in legal contemplation, no evidence. If there is no evidence that ought reasonably to satisfy a jury that the fact sought to be proved is established, then no jury question is presented. The trial court must always primarily say whether there is any evidence upon which a jury can properly proceed to find a verdict for the party producing it upon whom the onus of the proof rests. The courts in Virginia, in effect, do say this in passing upon demurrers to the evidence, the usual motions

to strike the evidence and sometimes after verdict when motion is made to set it aside because unsupported by the evidence. Whether there is sufficient proof to sustain the claim of the party upon whom the burden of proof rests is a law question. If it turns out that the evidence is sufficient though conflicting, then it is for the jury. (See Shearman and Redfield on Negligence, Vol. 1, Sec. 40.)

In Virginia this court has held in innumerable cases that whether one has been guilty of negligence is a mixed question of law and fact. Where there is no controversy in regard to the facts or the inferences that fairly may be drawn from them, the question of negligence is one of law. On the other hand, where the facts are in dispute or where diverse inferences reasonably might be drawn by men of reasonable minds, then it is a jury question. This is, of course, also true as to contributory negligence. See Digest of Virginia and West Virginia Reports (Michie) Volume 7, sections 68 to 71 inclusive.

In *Knight* v. *Moore*, 179 Va. 139, at p. 146, 18 S. E. (2d) 266, this court announced the rule thus: "Unless the evidence is without conflict, or unless fairminded men cannot differ on the inferences to be drawn from it, the question as to whether the owner of the premises has exercised the required care toward his invitee, and whether the latter has been guilty of contributory negligence, are matters for the jury".

As previously indicated, there was no dispute of the facts, except regarding the lighting of the area where the stump was located. The store manager said it was sufficiently lighted, while the plaintiff and one other witness said it was not. Certainly that issue was clearly for the jury and it has been resolved against the defendant. The conclusion of the jury, in effect embraces the holding that the area was not sufficiently lighted. This was an important fact. There was sufficient evidence to support that particular finding.

To summarize, we have a case where the defendant operated a parking lot on which it permitted a stump of a

post 4 to 8 inches high to remain, partially obscured, after it had been notified of its existence, in an area not sufficiently lighted, where pedestrians were invited to walk to and from their automobiles and the defendant's store, and the plaintiff, who the jury has said was free of contributory negligence, with a bundle of groceries on his arm and using the premises in accordance with the invitation, stumbled and fell over the stump injuring himself. The defendant certainly could have foreseen that just such an injury might occur.

The burden of proving contributory negligence was upon the defendant. The plaintiff was not required to look for unusual dangers which were not open and obvious. According to the finding of the jury, it was too dark for him to see the stump. He had no prior knowledge of its existence and he had the right to assume that no such obstruction would be in his line of travel to his automobile. The conclusion that the plaintiff was not exercising ordinary care was not required as a matter of law.

In our opinion the questions of negligence and contributory negligence in this case were for the jury. The judgment is therefore affirmed.

*Affirmed.*

HOLT, J., dissenting.