# Richmond

## Naomi Comess v. Norfolk General Hospital, Inc.

March 7, 1949.

Record No. 3422.

Present, All the Justices.

The opinion states the case.

*Gordon E. Campbell,* for the plaintiff in error.

*Vandeventer & Black* and *William C. Coupland,* for the defendant in error.

MILLER, J., delivered the opinion of the court.

Naomi Comess, hereinafter called plaintiff, obtained a verdict for personal injuries occasioned by the alleged negligence of the Norfolk General Hospital, Inc., which will be herein designated defendant. The verdict was set aside by the trial court and, under authority of section 6251 of the Code, judgment entered in favor of defendant.

The plaintiff, who was injured upon the premises of defendant, contends that her status was that of an invitee. She further asserts that the evidence was sufficient to establish actionable negligence on the part of defendant, and that the jury was warranted in concluding that she was free of contributory negligence.

The Norfolk General Hospital is located in the city of Norfolk. It fronts upon the south side of Raleigh Avenue, which extends in an easterly and westerly direction. The grounds, surrounded by a hedge, are bounded on the east and south by Colley and Boissevain Avenues, respectively. The main entrance and steps leading into the building are some distance from the street and are reached by a circular driveway extending out to Raleigh Avenue. This driveway is half-moon in shape. Just before its eastern end enters Raleigh Avenue, a concrete walkway extends therefrom to the east across and within the grounds towards what is called the Maternity Wing. That part of the hospital is located at the extreme eastern end of the building. This walkway, which leads into the circular driveway at the front of the building, extends easterly therefrom for some distance and then curves in a southeasterly direction on to the corner of Colley and Boissevain Avenues. Some seventy-five to one hundred feet from the circular driveway, another concrete walk intersects the one which leads to Colley and Boissevain Avenues. This second walk runs in a somewhat southerly direction to a door affording entrance to the

hospital, in the corner where the western end of the Maternity Wing joins what is called East Wing. The lower half of this door is constructed of wood; the upper half consists of glass. It is reached from the walk by mounting eight or nine stone steps, on the left side of which is a brick wall or guard, and on the right an iron hand bar to aid anyone in ascending or descending the steps.

Prior to 1941, this door and walk had been used by employees and the public. Since 1941, its use as a public entrance had been discontinued. The knob had been removed from the outside of the door, but the door was retained as a fire exit. Weekly, if not almost daily, it was opened from the inside and a chock placed at the bottom to hold it slightly ajar and thereby render it usable for both ingress and egress. In this manner, it was often used by the employees of the hospital and others. This character of use, though against regulations, was well known to the hospital authorities.

Thirty-five feet or thereabouts from the door and near to where the walk leading thereto enters the walkway extending from the circular drive to Maternity Wing, an iron chain, attached to two iron pegs or posts, had been swung across the walk about sixteen inches from the ground. Upon removing the knob from the outside of the door and swinging the chain across the walk leading thereto, no signs or notices were placed on any part of the premises to notify the public of its discontinuance as a public entrance.

On January 13, 1947, the day before plaintiff was injured, her husband had been admitted as a patient at the hospital. His room was in East Wing and in easy proximity to this door. Plaintiff had accompanied him to the hospital, but on that day she had used the main entrance facing Raleigh Avenue.

About 6:30 p. m., on the evening of January 14th, plaintiff undertook to visit her husband. As she approached the hospital along Raleigh Avenue from the east, she saw the lights in the corridor shining through the upper half of

this door nearest the East Wing. The night was rainy and cold and she desired to promptly reach her husband's room. When she came to the point where the eastern end of the circular driveway enters Raleigh Avenue, she stepped upon defendant's premises and turned left along the cement walkway that leads to Maternity Wing. That part of the walkway was readily visible. When she had proceeded to the point where the walkway intersects with the walk that leads southwardly to the door where she intended to enter, the visibility was poor and that walk in darkness. However, she could see the light through the door and was aware that she was upon the walk. When she had proceeded but a short distance, she struck the chain and was tripped, thrown and injured.

Upon these facts, the trial court submitted to the jury the question of whether plaintiff was an invitee or a bare licensee at the time and place of her injury. In case they determined that she was an invitee upon that part of the premises, then they were correctly instructed that it was defendant's duty to exercise reasonable care for her safety— "exercise ordinary care to have its premises in reasonably safe condition for the visit * * *." *Hospital of St. Vincent* v. *Thompson*, 116 Va. 101, 81 S. E. 13, 51 L. R. A. (N. S.) 1025.

Other instructions informed the jury that no duty other than to refrain from wilful and wanton injury was owed plaintiff if she were a bare licensee.

Whether or not plaintiff was guilty of contributory negligence was likewise submitted to the jury for determination. Their verdict has resolved all factual issues favorably to the plaintiff. It should not have been set aside if the evidence and inferences to be fairly drawn therefrom sustain their conclusions. All material issues of fact were fairly presented to the jury and their verdict must be reinstated unless it is contrary to the evidence or without evidence to support it. *Harrison* v. *Provident Relief Ass'n*, 141 Va. 659, 126 S. E. 696, 40 A. L. R. 616, and *Hinton* v. *Indemnity Ins. Co.*, 175 Va. 205, 8 S. E. (2d) 279.

Defendant insists that the evidence conclusively establishes that plaintiff was not an invitee upon that part of the premises where she was injured and that she was guilty of contributory negligence as a matter of law. With neither of these contentions can we agree.

Some years ago this door had been maintained as a public entrance and that fact was known to the plaintiff and she had so used it. There was no sign or notice to inform her or others similarly situated that its public use had been discontinued.

On the contrary, the same cement walkways extending across the institution's grounds and leading to it were maintained as they had existed when plaintiff last used the door as an entrance and exit. The only material change on that part of the grounds was the presence of the chain across the walk and that could not be readily seen at night. There was nothing visible on the premises, the walks, or the door to put her on notice that the side entrance had been withdrawn from public use. That could only be ascertained by seeing the chain or trying the door.

The fact that the walk and door had previously served as an approach and public entrance to the hospital and had been so used by plaintiff was sufficient to justify the conclusion that an implied invitation for her to so use them continued until reasonable notice had been adopted and given to notify those visiting the hospital and accustomed to use that means of entrance, that it had been discontinued for public use. Under the circumstances disclosed by the evidence, the jury was well warranted in concluding that the implied invitation extended to that part of the premises where plaintiff was injured.

It having been once established that plaintiff was an invitee upon that part of the premises, it is apparent that the acts and conduct of defendant amounted to negligence. The chain constituted a real hazard and danger to any pedestrian proceeding along that walk under the conditions obtaining when plaintiff was injured. What happened might well have been anticipated.

■ In our opinion, the evidence does not conclusively establish contributory negligence on the part of plaintiff. It presented an issue of fact to be determined by the jury.

■ Without knowledge or warning of danger, an invitee may assume that the premises are reasonably safe for his visit. He is not required to be on the lookout for dangers not open and obvious. *Kirby* v. *Moehlman*, 182 Va. 876, 30 S. E. (2d) 548; *Acme Markets* v. *Remschel*, 181 Va. 171, 24 S. E. (2d) 430; *Knight* v. *Moore*, 179 Va. 139, 18 S. E. (2d) 266, and *LeCato* v. *Eastern Shore of Virginia Agricultural Ass'n*, 147 Va. 885, 133 S. E. 488.

The duty of the owner of the premises and the care required of the invitee in this respect are well stated in *Acme Markets* v. *Remschel, supra:*

"The owner must give notice or warning of an unsafe condition which is known to him and is unknown to the invitee; but notice is not required where the dangerous condition is open and obvious to a person who is exercising reasonable care for his own safety. In the absence of knowledge or warning of danger, the invitee is not required to be on the lookout for it because he may assume that the premises are reasonably safe for his visit. * * *"

The verdict should not have been set aside. It will be reinstated and judgment entered thereon in favor of the plaintiff.

*Reversed and final judgment.*