**Lizzie HAMLET, Appellant,**

v.

**R. M. TROXLER, Appellee.**

No. 7206.

United States Court of Appeals Fourth Circuit.

Argued June 14, 1956.

Decided July 5, 1956.

Allen H. Gwyn, Jr., Reidsville, N. C. (P. W. Glidewell, Sr., and Gwyn & Gwyn, Reidsville, N. C., on the brief), for appellant.

Clarence Ross, Graham, N. C. (Thomas C. Carter, Burlington, N. C., on the brief), for appellee.

Before SOPER, Circuit Judge, and BARKSDALE and BRYAN, District Judges.

BARKSDALE, District Judge.

This action was instituted by the plaintiff, Lizzie Hamlet, against the defendant, R. M. Troxler, for the recovery of damages for personal injuries which plaintiff alleged she sustained as the result of the negligence of the defendant. Jurisdiction is based upon diversity of citizenship. A trial, with a jury, was had, and at the conclusion of plaintiff's testimony, the court granted defendant's motion for a judgment of nonsuit, and plaintiff has appealed.

Taking the evidence, and reasonable inferences to be drawn from it, in the light most favorable to the plaintiff, as we must, the facts are as follows:

Defendant, Dr. R. M. Troxler, is a practicing physician, who owns and operates for profit, a private hospital in the City of Burlington, N. C. On October 9, 1954, plaintiff's daughter-in-law, who had recently given birth to a child, was a patient in defendant's hospital. On that date, the plaintiff, who had never visited it before, went to this hospital to visit her daughter-in-law and grandchild. Upon arrival at the hospital, between 6:00 and 7:00 p. m., plaintiff, accompanied by her daughter, went to defendant's office. There they found Miss Mebane, the doctor's nurse, who was also acting as receptionist, and upon inquiry she told plaintiff and her daughter that they might see the daughter-in-law and

directed them to follow her. Upon arriving at the patient's room, Miss Mebane showed plaintiff and her daughter in, and sat and chatted with them and the patient. After plaintiff had been in her daughter-in-law's room about forty minutes, she felt a call of nature, and asked Miss Mebane if she might use the bathroom. Miss Mebane said "Yes", and when plaintiff asked Miss Mebane to show her the bathroom, Miss Mebane told her to "go to the hallway and take the right and go to the corner and open the first door to the right", pointing down the hall-way in the direction plaintiff was to go.

The *first* door on the right did not open into the toilet, but opened onto a steep flight of steps, with no landing at the top, which led to the basement some eight feet below. Actually, the *second* door to the right opened into the toilet. However, there were no markings on either door, or any of the doors on the hall, and all of the doors were of approximately the same color and size. There was a light fixture at the end of the hall, but no light was burning at the time. Neither was there any light in the basement. Although the hallway was dimly lighted, there was enough light for plaintiff to see the door.

When plaintiff opened the first door on the right, to which she had been directed by Miss Mebane, she saw that it was dark inside, and thinking that she discerned a light switch, she stepped inside the door, reaching for what she thought was the light switch, which later turned out to be only a dark spot on the wall. As the door opened directly onto the flight of stairs leading to the basement, there being no landing at the top and as she was expecting a floor, plaintiff immediately fell to the bottom of the stairs, and sustained personal injuries.

In sustaining the motion for a judgment against her, the trial judge stated that he did not think her evidence sufficient to sustain the charge of negligence, and that her evidence did establish that plaintiff was guilty of contributory negligence as a matter of law.

Hence, there are two questions presented to us on this appeal:

(1) Was plaintiff's evidence sufficient to go to the jury on the question of negligence? and

(2) Did the evidence show that plaintiff was guilty of contributory negligence as a matter of law?

We are of the opinion that the first question must be answered in the affirmative, and the second question in the negative.

To determine whether or not the defendant was guilty of negligence, it is first necessary to determine the status of the plaintiff at the time of her injury, for the degree of duty owed to her by the defendant depends upon whether at the time she was a licensee, or an invitee. As we have no doubt that the plaintiff was an invitee at the time of her injury, it is useless to discuss the circumstances which render a person a licensee, and the degree of duty owed by the owner of the premises to licensees. For such a discussion, see Atlantic Greyhound Corporation v. Newton, 4 Cir., 131 F.2d 845.

■ It is a matter of common knowledge that all hospitals expect patients to have visitors, the number, duration and frequency of their visits depending upon the severity of the patient's illness. Certainly, near relatives, such as plaintiff in this case, have an implied invitation to visit. Such visits are for the mutual advantage of the patient, the visitor and the hospital. It is desirable from the standpoint of the hospital to permit, at the proper times and under proper conditions, visits to patients by relatives and friends. No one would patronize a hospital which did not permit relatives and friends to visit patients at proper times. Since these visits are at times likely to be of considerable duration, hospitals must be charged with notice that toilet facilities for visitors are sometimes going to be needed. This would seem particularly true as to hospitals which take maternity cases. Besides, in the instant case, there can be no doubt that Miss Mebane, who gave permission to plain-

tiff to use the toilet and directed her to it, was the agent of defendant, acting within the scope of her employment.

On the facts established by plaintiff's evidence, there seems no doubt that, under the law of North Carolina, the plaintiff, at the time of her accident, was an invitee. Jones v. Bland, 182 N.C. 70, 108 S.E. 344, 16 A.L.R. 1383; Pafford v. J. A. Jones Construction Co., 217 N.C. 730, 9 S.E.2d 408; Atlantic Greyhound Corp. v. Newton, supra. Also plaintiff would have been an invitee under Virginia Law. Hospital of St. Vincent Paul v. Thompson, 116 Va. 101, 81 S.E. 13, 51 L.R.A.,N.S., 1025; Acme Markets v. Remschel, 181 Va. 171, 24 S.E.2d 430; Comess v. Norfolk General Hospital, 189 Va. 229, 52 S.E.2d 125. There would seem to be no doubt that plaintiff's invitation included her attempted visit to the toilet. Guilford v. Yale University, 128 Conn. 499, 23 A.2d 917; Glaser v. Rothschild, 221 Mo. 180, 120 S.W. 1, 22 L.R.A.,N.S., 1045; Pauckner v. Wakem, 231 Ill. 276, 83 N.E. 202, 14 L.R.A.,N.S., 1118; Howe v. Ohmart, 7 Ind.App. 32, 33 N.E. 466; Colebank v. Nellie Coal & Coke Co., 103 W.Va. 15, 136 S.E. 512; Main v. Lehman, 294 Mo. 579, 243 S.W. 91. In the case of Glaser v. Rothschild, supra, plaintiff, an invitee, was injured on his way to the toilet, and the following quotation is pertinent and interesting [221 Mo. 180, 120 S.W. 5]:

"When he got there, he found defendant busy opening his mail and reading his commercial correspondence. Hence, obviously, the ensuing wait on the premises may be referred solely to the business on hand and defendant's convenience. It will not do for defendant to finesse and juggle with the situation thus presented and by over-refinement split it into independent parts. Plaintiff was there in person, and his person included mind and body, his legs and feet, as well as his head, the trunk of his body, and his whole internal viscera, each and all of these component parts of a human body were within the safeguards of the invita-

tion, and within the pale of the laws of hospitality, the laws of nature, and the laws of the land relating to ordinary care."

The District Judge, in granting the motion for judgment of nonsuit, indicated that he felt that the case of Reese v. Piedmont, Inc., 240 N.C. 391, 82 S.E.2d 365, was controlling. There, the plaintiff was injured in a toilet, the floor of which was on two levels, the toilet seat being located on the higher level. The plaintiff, on entering the toilet, stepped up to the higher level, but in leaving, she failed to observe the step-down and fell. This accident occurred in the daytime, and there was one light bulb burning in the room at the time of the accident. The court said, 82 S.E.2d at page 369:

"The situation contained no element of a trap or hidden peril. Plaintiff had been in this dimly lighted, as she contends, rest room for 10 or 15 minutes. Her eyes had been adjusted to the light there. The facts speak louder than the words of the witness that there was enough light for her to see the step-down, if she had looked, for there was light enough for her to see and step up 7¾ inches to the higher floor level in entering. The defendant is not under a legal duty to prevent persons inattentive to their safety from hurting themselves. Considering the evidence most favorably for the plaintiff, we think the defendant was not negligent on the evidence before us."

The facts in this case clearly differentiate it from the instant case.

It would seem that the plaintiff's evidence negatives contributory negligence on her part. Of course, there are cases such as Clark v. Cleveland Drug Co., 204 N.C. 628, 169 S.E. 217, which hold that one who opens a door and steps into total darkness, is guilty of contributory negligence as a matter of law, but that is not this case. Here, the plaintiff had been directed to the door she opened by defendant's agent,

Miss Mebane, and told that the door led into a toilet. She had every right to expect a floor, and the fact that she took one step in an effort to reach what she thought was a light switch certainly does not impress us as constituting contributory negligence. Contributory negligence is ordinarily a question for the jury, and the burden of proving it is upon the defendant. We hold that, at the very least, the question of whether or not the plaintiff was guilty of contributory negligence should have been submitted to the jury. The law of North Carolina clearly supports this conclusion. Mulford v. Cotton States Hotel Co., 213 N.C. 603, 197 S.E. 169; Thompson v. De Vonde, 235 N.C. 520, 70 S.E.2d 424; Drumwright v. North Carolina Theatres, 228 N.C. 325, 45 S.E.2d 379; Harris v. Atlantic Greyhound Corp., 243 N.C. 346, 347, 90 S.E.2d 710.

It is therefore our conclusion that the District Court erred in not letting this case go to the jury, and it must therefore be reversed and remanded for a new trial not inconsistent with the conclusions herein expressed.

Reversed and remanded.