# Richmond.

## MOORE v. CITY OF RICHMOND.

### December 13th, 1888.

1. PRACTICE AT COMMON LAW—*Evidence.*—Evidence as to facts wholly collateral to the issue is inadmissible.
2. IDEM—*Case at bar.*—In action against a city for injuries from falling into hole in sidewalk; .

HELD:

>    Testimony that plaintiff's witness fell into same hole same night collateral and inadmissible.

3. IDEM—*Instructions.*—Instructions that a city is bound to use reasonable care to keep its streets and sidewalks in a safe condition for travel, and that a traveler thereon is bound to use only ordinary care, rightly propound the law.
4. IDEM—*Bills of exceptions—Rule—Exception.*—The rule that facts stated in one bill of exceptions cannot be noticed by an appellate court in considering another, unless the one refer to the other, cannot apply to a case where the bill of exceptions, containing all the evidence to which reference is made, is taken after all the evidence has been introduced and the trial is over. *Perkins* v. *Hankins*, 9 Gratt. 649.
5. IDEM—*Instructions—Immaterial, when ?*—Where, upon the evidence certified, the case is clearly with the winning party, the judgment must be affirmed, independently of the instructions given or refused. *Colvin* v. *Menefee*, 11 Gratt. 87.
6. IDEM—*Case at bar.*—The record discloses such gross negligence on part of plaintiff as was *held* to defeat his action.

Error to judgment of circuit court of city of Richmond, rendered December 17th, 1887, in an action of trespass on the case wherein M. J. Moore was plaintiff, and the city of Richmond was defendant. The verdict and judgment being for the defendant, the plaintiff took the necessary steps to obtain a writ of error to this court. Opinion states the case.

*Edgar Allan,* for the plaintiff in error.

*C. V. Meredith,* for the defendant in error.

LEWIS, P., delivered the opinion of the court.

This was an action of trespass on the case in which M. J.
Moore was plaintiff, and the city of Richmond was defendant.
The action was brought to recover damages for injuries received
by the plaintiff by falling into a hole in the night-time in one
of the sidewalks of the city. Issue was joined on the plea of
not guilty, and a verdict and judgment having been rendered
for the defendant, the case, on a writ of error, was brought to
this court.

1. The first question relates to the action of the circuit court
in excluding certain evidence. The plaintiff at the trial, for
the purpose of proving the defective condition of the sidewalk
at the place where the accident occurred, introduced a witness,
John Devine, to prove that he (the witness), on the same night,
fell into the same hole. But the court excluded the evidence,
and, as we think, correctly.

The fact sought to be proved was collateral to the matter in
issue, and the evidence was therefore inadmissible. It is an ele-
mentary rule that the evidence must be confined to the point in
issue, and hence evidence of collateral facts, from which no fair
inferences can be drawn tending to throw light upon the fact
under investigation, is excluded, the reason being, as Greenleaf
says, that such evidence tends to draw away the minds of the
jurors from the point in issue, and to excite prejudice and mislead
them; and, moreover, the adverse party, having had no notice of
such a course of evidence, is not prepared to rebut it. 1 Greenl.
Ev., sec. 52.

The precise question was determined in *Collins* v. *Dorchester,*
6 Cush. 396. That was an action for an injury received by the
plaintiff by reason of a defect in a highway; and the question

was, whether it was competent for the plaintiff to prove by a third person that, before the injury complained of, he received a similar injury at or near the same place, and from the same alleged defect, without any negligence on his part. The evidence at the trial was excluded, and this ruling was affirmed. The court said: "It was testimony concerning collateral facts, which furnished no legal presumption as to the principal facts in dispute, and which the defendants were not bound to be prepared to meet."

In a similar case in the supreme court of New Jersey, it was said that it would not be competent for the plaintiff to prove that at other times other persons fell into the excavation in question, nor was it competent for the defendant to prove that other persons, at other times, when the area was in the same condition, passed the place complained of without injury. And the reason given by the court was, that such evidence would necessarily lead to the trial of a multitude of distinct issues, involving a profitless waste of time, and tending to distract the attention of the jury from the real point in issue without possessing the slightest force as proof of the matters of fact involved. *Temperance Hall Ass'n of Trenton* v. *Giles*, 33 N. J. Law, 260.

In *Hubbard* v. *A. & K. R. R. Co.*, 39 Me. 506, the plaintiff sued the defendant company to recover damages for certain alleged wrongful acts on the part of the defendant, whereby access from the highway in question to the plaintiff's tavern was rendered difficult; and at the trial he proved that on two occasions the carriages of travelers had been upset in attempting to pass from the highway to his house. But this evidence, on appeal, was held inadmissible. If, said the court, proof of this description should be received, then the opposing party would obviously have the right of showing that in the instances mentioned the accidents were the results of carelessness or negligence on the part of those sustaining them, and thus as many distinct issues might be raised as there were instances of car-

riages passing over the road, thereby diverting the attention of the jury to matters entirely collateral to the real questions in dispute.

In *Hudson* v. *C. & N. W. R. R. Co.,* 59 Iowa, 581, the plaintiff claimed damages for an injury to a horse caused by a defective crossing over the defendant's road, and the question was, whether the evidence of a witness introduced by the plaintiff was admissible, who testified that prior to the accident complained of, a horse driven by him over the same crossing got his foot between the plank and the rail, and sustained an injury similar to that for which the action was brought. The trial court admitted the evidence, but the judgment was reversed. The supreme court said: "These facts were all collateral to the main issue, and should have been excluded. If evidence of this character is receivable, contradictory proofs would be admissible, and there would be as many collateral issues as there are collateral facts and witnesses testifying to them."

These authorities, which are only a few of many to the same effect, sufficiently illustrate the rule, and clearly show that the first assignment of error is not well taken. Undoubtedly there are cases to the contrary, of which *District of Columbia* v. *Annes,* 107 U. S. 519, may be mentioned as one, but the true rule, we think, is as we have stated it.

2. The next question arises upon the plaintiff's second bill of exceptions, the subject of which is the action of the court in refusing to give certain instructions asked for by the plaintiff, and in giving the instructions which were asked for by the defendant. Those refused are as follows:

"(1.) The court instructs the jury that the defendant is bound to use reasonable care and precaution to keep and maintain its streets and sidewalks in good and sufficient repair to render them reasonably safe for all persons passing on or over the same; and if the jury believe from the evidence that the defendant failed to use all reasonable care and precaution to keep its sidewalk in such repair, and that the injury complained of re-

sulted from that cause as charged in the declaration, and that the plaintiff sustained damage thereby, without negligence on his part, then he is entitled to recover in this suit.

" (2.) The court further instructs the jury that a traveler on a public street is held to the exercise of only ordinary care. Slight negligence, which is a want of extraordinary care, will not defeat a recovery for an injury received in consequence of a defect in a public street or highway, provided the evidence shows that the city authorities were guilty of negligence in permitting the defect to exist, and that the traveler was injured thereby, and was using ordinary care to avoid the injury."

These instructions correctly propound the law, and ought to have been given. The established doctrine, as this court has repeatedly declared, is that a municipal corporation which, like the city of Richmond, is charged with the duty and provided with the means of keeping its streets and sidewalks in repair, is liable for a failure to perform this duty to the party who, without fault on his part, is injured in consequence of such failure. Nor is its duty to the public fulfilled by anything less than an active vigilance, and hence notice of a dangerous defect in one of its streets or sidewalks, which has remained unrepaired for an unreasonable length of time, will be imputed to it, which is the same in effect as actual notice. The authorities in support of these propositions are numerous. 2 Dill., Mun. Corp. sec. 789; *Weightman* v. *City of Washington*, 1 Black. 39; *City of Chicago* v. *Robins*, 2 Id. 418; *Barnes* v. *District of Columbia*, 91 U. S. 540; *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459; *Noble* v. *City of Richmond*, 31 Gratt. 271; *Orme* v. *City of Richmond*, 79 Va. 86; 8 Va. L. J. 602; *Gordon* v. *City of Richmond*, 83 Va. 436; *Clarke* v. *City of Richmond*, Id. 355.

The corporation, however, is not an insurer against accidents. Its duty is discharged if its streets and sidewalks are kept in a reasonably safe condition for travel in the ordinary modes by day and by night, and a person passing over them must exercise reasonable or ordinary care to avoid injuries to himself. In

*Gordon* v. *City of Richmond* it was held, in effect, that although the plaintiff had the right to assume that the city had performed its duty in keeping the sidewalk in question in a safe condition, and although he was not required to anticipate danger, yet if in passing over the sidewalk he failed to exercise ordinary care, he was not entitled to recover. And in *City of Richmond* v. *Courtney,* 32 Gratt. 792, a judgment for the defendant was affirmed because the plaintiff had not exercised ordinary care, or, in other words, was guilty of such contributory negligence as to defeat a recovery.

It is contended, however, by counsel for defendant in error that as the bill of exceptions contains none of the evidence, and refers to no other bill of exceptions, there is nothing to show the relevancy of the instructions which were refused, and, therefore, that the exception must be disregarded. This position is not well taken. All the evidence introduced at the trial is certified in the third and last bill of exceptions, which relates to the overruling of the plaintiff's motion for a new trial, and to that we may look, notwithstanding the general rule that facts stated in one bill of exceptions cannot be noticed by an appellate court in considering another, unless the one refer to the other. 4 Min. Insts. 745.

The rule was announced in *Brooke* v. *Young,* 3 Rand. 106, in which case there were two bills of exception. The first, taken during the progress of the trial, purported to set out *all* the evidence, and for that reason Judge Carr was of opinion that it could be resorted to in deciding the question raised by the second. The other judges, however, were of a different opinion because, although the evidence stated in the first bill might have been all when the bill was sealed, *non constat* important evidence was not introduced afterwards. But this rule, as was decided in *Perkins* v. *Hawkins,* 9 Gratt. 649, cannot apply in a case where, as here, the bill of exceptions, purporting to contain all the evidence, is taken after the trial is over.

3. The question, however, is an immaterial one in the present

case ; for, upon the evidence certified, the case is clearly with the defendant, and therefore the judgment must be affirmed, independently of the instructions which were given or refused. *Colvin* v. *Menefee,* 11 Gratt. 87; *Brighthope Railway Co.* v. *Rogers,* 76 Va. 443 ; *Clarke* v. *City of Richmond, supra.*

It appears that on the night of the accident, at half-past ten o'clock, the plaintiff, while walking on the west side of south Laurel street, between Holly and China streets, fell into a gully; and in consequence sustained serious injuries. The hole into which he fell was about three feet wide and six feet deep, and extended across the unpaved sidewalk and into the street. Its depth in the street, however, was only six or eight inches. The grade of the street had not a great while before been elevated, so that there was an embankment on the west side "running down into a vacant lot." The plaintiff testifies that he had no knowledge of the existence of the hole before the accident, and that in going, the same evening, to the house from which he was returning, he walked in the middle of the street. He does not say, however, why he preferred the middle of the street to the sidewalk, and it is not a little remarkable that he should have done so, in view of the fact, which he admits, that the street was muddy from then recent rains, and, as he says himself, he was on his way to a social entertainment, which he attended.

It had been raining hard the evening in question, and the evidence also shows that rain fell several days in succession immediately preceding the day of the accident. But whether the hole into which the plaintiff fell was a washout caused by these rains, does not appear ; nor does it appear that the city authorities had notice, or by reasonable diligence might have had notice, of it before the accident occurred. One of the plaintiff's witnesses, it is true, testifies that there had been "quite a gully at that point" for several years; but on cross-examination he admitted that he never saw the gully in question until after the accident. It matters not, however, whether notice of the condition of the

sidewalk is imputable to the city or not, or, in other words, whether or not it has been negligent, for however that may be, the evidence plainly shows such a degree of negligence on the part of the plaintiff as to defeat a recovery.

The hole was about half way between two gas-lamps, and not farther than 80 feet from each. These lamps, presumably, were burning when the accident occurred.. They are usually lighted at night, and one of the plaintiff's witnesses says he thinks they were burning, and there is no evidence that they were not. It is proved that, when burning, they sufficiently light the side-walk at the place of the accident, even on a dark and cloudy night, to enable persons to see the sidewalk, and to discern objects upon it, such as small pieces of black cinder, and even marks made with a cane on the ground. This is established by actual experiments made by several of the witnesses since the date of the accident. Indeed, the plaintiff himself testifies that a man could have seen the sidewalk, the night of the accident, if he had looked at it. He does say he did not see it, but gives no reason why he did not. Had he looked, as he ought to have done—or, in other words, had he exercised ordinary care—he would have seen not only the sidewalk, but the hole therein in time to have avoided the accident. But he failed to exercise such care and caution, and we do not see how the jury could have properly done otherwise than find for the defendant. Certainly there is nothing in the record to warrant this court in setting aside the verdict, and the judgment must therefore be affirmed.

JUDGMENT AFFIRMED.