**LAMBORN et al. v. NATIONAL BANK OF COMMERCE OF NORFOLK, VA.**

(Circuit Court of Appeals, Fourth Circuit. October 19, 1926.)

No. 2452.

**1. Appeal and error ⟨⟩1212(2).**

Where, on former trial, as well as on appeal, the parties treated a defense as in issue and argued thereon, it cannot be successfully urged on second trial that such defense was waived, as not within the objections raised.

**2. Appeal and error ⟨⟩1201(6).**

Motion to amend pleading after case was remanded, to include custom in explanation of contract, which had been construed by Circuit Court of Appeals before remand, held properly denied.

**3. Evidence ⟨⟩99.**

Excluding testimony directed to purely collateral matter held within discretion of trial judge.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Action by Arthur H. Lamborn and others, surviving partners of the firm of Lamborn & Co., against the National Bank of Commerce of Norfolk, Va. Judgment for defendant, and plaintiffs bring error. Affirmed.

Louis O. Van Doren, of New York City (Baird, White & Lanning and Edward R. Baird, Jr., all of Norfolk, Va., H. G. Connor, Jr., of Wilson, N. C., and Van Doren, Conklin & McNevin, of New York City, on the brief), for plaintiffs in error.

Tazewell Taylor, of Norfolk, Va., for defendant in error.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

ROSE, Circuit Judge. This is the second time this case has been here. What has been said (2 F.[2d] 23) need not be repeated. At the new trial the learned District Judge thought that the plaintiffs had offered no admissible testimony strengthening the case once held insufficient, and he directed a verdict for the defendant. The plaintiffs assign 17 errors, which resolve themselves into three contentions.

### Alleged Waiver by the Defendant.

[1] The plaintiffs say that defendant waived its right to rely upon the defense which we held decisive in its favor. The argument is: The defendant, when it refused to honor the letter of credit, assigned reasons for its conduct, and among them it did not include the fact that the sugar had been shipped from Java to New York, and not to Philadelphia. It requires a rather narrow construction of what defendant did and said to justify a holding that the objections it made did not cover the defense upon which it now relies. The claim of the plaintiffs that if, in the first instance, their attention had been more pointedly called to it, they could and would have tendered sugar which had been originally consigned to Philadelphia, depends upon doubtful questions of law and speculative assumptions of fact.

It is also worthy of note that, while plaintiffs insist that defendant may not amend or supplement its out of court statement of its grounds of defense, they claim that they are free to raise a point at the second trial which they did make at the first. In the former trial below and in this court, the plaintiffs treated the defense in question as properly before the court. They, as well as their adversary, argued it elaborately. It is true they said it was bad in law, but no hint was given that the defendant was estopped from setting it up. It was given the full and painstaking consideration as well of the District Court as of this. Under these circumstances the learned judge below did not err in rejecting the contention now made.

### Evidence as to Custom of Trade.

[2] After the case was remanded to the District Court, the plaintiffs asked leave to

amend their motion for judgment, a pleading which, under the modern Virginia practice, may take the place of a declaration at common law. They wished to insert in it a properly phrased allegation that there was in the trade in imported sugars a custom by which a provision that sugar should be shipped from a foreign port to one seacoast city in this country was understood to permit the doing of what the plaintiffs did. In the exercise of his discretion the learned District Judge refused to permit the amendment to be made. In so doing he said, among other things:

"The Circuit Court of Appeals in this case in a very elaborate opinion has decided the meaning of the precise language in the contract that is now sought to be construed differently by virtue of proof of custom or intent. The effect of allowing an amendment of this kind at this time would be, if it were sustained by proper evidence, to have a case in which the Circuit Court of Appeals had construed a contract of sale, in which they found no ambiguity, no difficulty in determining the precise and exact meaning of the parties, and had finally concluded what the parties themselves meant and intended by the contract, and, having that determination before me, to find that it meant something entirely different, that its language was not plain and unambiguous, that there was something about it so obscure that it required the introduction of evidence of a custom to determine what it did mean, and finally determining that it meant something different from what the Circuit Court of Appeals had decided, would be a thoroughly anomalous condition of affairs. Hence it seems to me that to allow this amendment to be made now would be a purely idle thing, a useless thing, since in the very nature of things, when the evidence to support it came to be introduced, an objection would be made on the ground of its inadmissibility because the instrument speaks for itself, does not require the aid of custom to interpret it, and would therefore have to be overruled and refused admission on that account."

We see no occasion to add anything to this clear statement, which is also a complete answer to such of the assignments of error as are directed to the exclusion of the subsequently offered testimony as to the custom in question.

### Evidence as to Underwriting Practice.

[3] The refusal of the court to receive proffered evidence as to underwriting practices is not open to attack here. That testimony did not bear upon any issue in the case, except in the most remote way. It was at best directed to a purely collateral matter. Its exclusion could not have prejudiced the plaintiffs, and was well within the discretion of the trial judge.

Affirmed.