# Richmond

## SANITARY GROCERY COMPANY, INC., ETC. v. ANNIE A. STEINBRECHER.

January 15, 1945.

Record No. 2868.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Parrish, Butcher & Parrish,* for the plaintiff in error.

*Thomas A. Williams* and *L. C. O'Connor,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Mrs. Annie A. Steinbrecher instituted an action in the court below against Sanitary Grocery Company, Inc., for damages for personal injury and obtained a verdict and judgment for $500.

The facts are not in dispute. Sanitary Grocery Company, Inc., operates a number of grocery stores. Mrs. Steinbrecher, who was 79 years of age at the time, was a regular

customer of the defendant's store located at the corner of Mulberry and Cary streets in Richmond. She went there on May 23, 1942, to make certain purchases, and while standing in line waiting to pay for her purchases it occurred to her that she needed another article. She turned to go down the aisle after it and as she did so her leg came in contact with a sharp corner of a piece of projecting shelving which formed a part of a counter. She received what the doctor described as a "punctured wound" on the outer side of her leg. A blood vessel or artery was cut. She was incapacitated for three months, and had her leg bound for some six months.

A representative of a manufacturer who manufactures counters for the defendant corporation and other like concerns testified that his company had placed the counter in the defendant's store eleven months before the plaintiff received her injury, and though he had never seen it, the counter was of approved standard construction and design and in general usage in like stores. This testimony was taken out of the presence of the jury, and finally excluded on the plaintiff's motion.

Another witness testified out of the presence of the jury that 1,000 customers went into the store each day and no one had been hurt by the shelving prior to the time the plaintiff received her injury. On motion of the plaintiff this testimony was also excluded.

We think the jury could have concluded from the evidence that the defendant was guilty of actionable negligence. At the time, according to the evidence of the plaintiff, it maintained a counter which had a sharp or pointed edge on the lower shelf. This was immediately adjoining the aisle where the customers had to pass in order to pay their bills. It was the cause of the plaintiff's injury. Nor do we think the plaintiff was guilty of contributory negligence as a matter of law. This question was submitted to the jury under proper instructions and resolved against the defendant.

The plaintiff was an invitee of the defendant, and the

principle stated in *Eastern Shore of Virginia Agricultural Ass'n* v. *Le Cato*, 151 Va. 614, 144 S. E. 713; *Knight* v. *Moore*, 179 Va. 139, 18 S. E. (2d) 266, and *Acme Markets* v. *Remschel*, 181 Va. 171, 24 S. E. (2d) 430, applies both as to the actionable negligence on the part of the defendant and the alleged contributory negligence on the part of the plaintiff.

It is insisted that the shelving was designed, constructed, and maintained in the customary form for such shelving generally in use in similar stores in this locality, and that this is the standard of care required of the defendant, and therefore it was not negligent. An instruction to this effect was offered and refused. This action was assigned as error.

There is no contradiction of the fact that the plaintiff injured her leg by striking the sharp corner of one of the lower shelves of the counter. The object she struck was pointed and sharp because it caused a "punctured wound", and cut a blood vessel from which she bled copiously. Certain photographs of the shelving were introduced, and from an inspection of them it is disclosed that the shelving on the corner where the plaintiff was hurt is pointed and sharp in appearance. We realize that photographs are not always trustworthy in negligence cases, but here a witness testified that the photographs correctly disclosed the corner and sharp edge.

No witness testified that at the time of the plaintiff's injury the counter and shelving were being maintained in accordance with good standards and practice for a business of that kind. The witness by whom it was sought to establish that the particular counter was of the usual and customary design did not testify that he had ever seen the counter in this particular store. In fact he expressly stated, in answer to the question as to whether he had been to the store to ascertain if the counter conformed to standard practice, that "he had not been there".

The counter might have been standard when placed in the store but by reason of wear and tear for eleven months it might have ceased to be standard. It was not shown that

it was standard on the day of the injury to the plaintiff. It was the defendant's duty not only to exercise reasonable care in installing its equipment, but it was also its duty to exercise like care to maintain it. The instruction bearing on this phase of the case was properly refused. We find no merit in the assignment.

The remaining assignment is directed to the refusal of the court to allow the defendant to show that 1,000 customers had entered the store each day for the previous eleven months and no one had been previously hurt by the shelving. This assignment is also without merit. In *Radford* v. *Calhoun*, 165 Va. 24, 181 S. E. 345, 100 A. L. R. 1378, the question is definitely put at rest.

It is true that in *Grant Co.* v. *Webb*, 166 Va. 299, 184 S. E. 465, we said: "That approximately 1,600 customers a day had been in the store * * and no one had slipped or fallen on the floor". We also said in *State-Planters Bank, etc., Co.* v. *Gans*, 172 Va. 76, 200 S. E. 591: "It also appears that more than 600 persons daily * * had used these steps for eleven years * * . During all this time the plaintiff was the only person known to have been injured on the steps". There are other cases along this line referred to in *Radford* v. *Calhoun, supra.* In those cases we are unable to learn from the opinion whether timely objection was made to the introduction of evidence disclosing the absence of other like injuries. The objection to such evidence might have been waived.

In any event, in *Moore* v. *Richmond*, 85 Va. 538, 8 S. E. 387, this court, speaking through Judge Lewis, said:

"It is an elementary rule that the evidence must be confined to the point in issue, and hence evidence of collateral facts, from which no fair inferences can be drawn tending to throw light upon the fact under investigation, is excluded, the reason being, as Greenleaf says, that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them; and, moreover, the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it.

Greenl. Ev., sec. 52 * * * . Undoubtedly there are cases to the contrary, of which *District of Columbia* v. *Annes*, 107 U. S. 519, may be mentioned as one, but the true rule, we think, is as we have stated it."

In *Jackson* v. *Chesapeake, etc., R. Co.*, 179 Va. 642, at page 648, 20 S. E. (2d) 489, *Moore* v. *Richmond*, *supra*, and *Radford* v. *Calhoun*, *supra*, were approved. The *Jackson Case* seems to be the last case on the subject. "Generally whether it is competent in a negligence action to show that other injuries have not occurred is a question upon which the courts are disagreed". 38 Am. Jur., Negligence, section 315. In Virginia however, from the cases cited above, we are committed to the proposition that evidence of the absence of other injuries is not admissible when timely objection is interposed to it. We think the trial court properly excluded the evidence offered to show that 1,000 customers a day patronized the store without accident.

Upon the whole case we are of opinion that the judgment should be affirmed.

*Affirmed.*