**LAW AND EQUITY COURT OF THE CITY OF RICHMOND**

Smith

v.

Thalhimer Bros.

April 19, 1961

Case No. A-3762

By JUDGE ALEX H. SANDS, JR.

Ruling upon plaintiff's request for admissions under Code § 8-111.1 was withheld pending determination of the question of the admissibility of evidence of prior accidents. This question has apparently given the Virginia Court some trouble. The question comes up both ways, i.e., whether occurrence of prior accidents can be shown to establish negligence or absence of prior accidents to establish lack thereof.

A comparison of *Moore v. City of Richmond*, 85 Va. 538 (1888), ruling out this type of evidence as incompetent with *Newport News, etc. Ry. v. Bradford*, 100 Va. 231 (1902), and *Charlottesville v. Stratton's Admr.*, 102 Va. 95 (1903), admitting such testimony illustrates the difficulty which our Court has encountered in handling the problem.

In *Radford v. Calhoun*, 165 Va. 24 (1935), the Court after reviewing the cases on the question refused to categorically adopt either view but excluded the evidence based upon the facts of the particular case.

It is not until *Knight v. Moore*, 179 Va. 139 (1942), that our Court gives us a rule that we can really apply. This case holds: (a) that evidence of prior accidents is not admissible unless it is shown that defendant knew of such occurrence, (b) in which case the evidence is admissible for the purpose of bringing home to defendant

knowledge of a dangerous situation, and (c) that if introduced by plaintiff, the door is then open for defendant to show, if he can, absence of such previous accidents. Where plaintiff has not offered such evidence of prior accidents, the defense cannot offer evidence of absence of such accidents. *Sanitary Grocery Co. v. Steinbrecher*, 183 Va. 495 (1945).

Even where the evidence is offered, however, and is admissible under (b) *supra*, its admissibility is subject to conditions of time of occurrence and similarity with situation at issue. A fair statement of the present rule and its limitations is thus expressed in "The Law of Evidence - Virginia and West Virginia" at pages 149-150 thus:

> When the essential features were sufficiently similar to those of the condition or event in issue in the case, such evidence (i.e. prior occurrences) has been admitted to prove . . . that a certain condition is dangerous . . . .
>
> The similarity required to render the evidence admissible need not be precise in every detail. Substantial similarity, or a similarity in such circumstances of conditions as might supposedly affect the results in question is, however, necessary. Thus when prior accidents are offered as evidence of a dangerous condition, they must have occurred at substantially the same place and under the same conditions as those in issue and been caused by the same or similar defect, danger, or act of the same person. Due to the lack of similarity of conditions, and the collateral issue objection, evidence of the absence of other accidents is generally excluded.

For the above reasons, the plaintiff's request for admissions under § 8-111.1 appears proper at this time and is granted. Whether the evidence when obtained will or will not actually be admissible will depend upon whether it measures up to the tests above indicated.