George **BANKO** and United States Aviation Underwriters, Inc., Appellants,

v.

**CONTINENTAL MOTORS CORPORATION**, Appellee.

No. 10605.

United States Court of Appeals Fourth Circuit.

Argued Nov. 2, 1966.

Decided Dec. 9, 1966.

M. B. Spaulding, Jr., and Philip F. Herrick, Washington, D. C., for appellants.

Harry Frazier, III, Richmond, Va. (Eppa Hunton, IV, and Hunton, Wil-

liams, Gay, Powell & Gibson, Richmond, Va., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and J. SPENCER BELL and WINTER, Circuit Judges.

PER CURIAM:

This is a diversity suit brought by plaintiffs, Banko and his subrogated insurer, against Continental Motors Corporation for damages resulting from its alleged negligence and breach of express and implied warranties. A jury was waived. Plaintiff Banko, a pilot with some 15 years' and 5,000 hours' flying experience, was forced to make a crash landing in his airplane, a Bellanca "260," near Frostburg, Maryland, when his engine suddenly dropped to idle and he was unable to remedy the situation. An investigation revealed that the apparent cause of the engine failure was a disc of ice found in the throat of the throttle just in front of and frozen to the butterfly valve, which prevented airflow to the engine.

Plaintiffs contended that the ice formed in the throttle body because the defendant, manufacturer of the engine, negligently designed the engine without providing heat in the throttle area to prevent such icing. Plaintiffs further asserted that the defendant had breached its express warranty, made by certain advertisements pronouncing that the Continental engine afforded "freedom from icing," and had also breached its implied warranty of fitness. Defendant, on the other hand, theorized that the ice was formed not in the throttle but in the air induction system of the aircraft, which was built by Downer Aircraft Company, * and that the force of the air passing through the system carried the ice into the throttle body, where it lodged. Both theories of the formation of the ice were supported by expert testimony. A more detailed account of the facts of this case is contained in the district court's opinion, 251 F.Supp. 229 (E.D.

Va.1966), and we see no merit in recounting them here.

The district court found against plaintiffs on all grounds of recovery contended for, and plaintiffs appeal. We find no merit in the plaintiffs' citations of error and therefore must affirm the district court decision.

■ Plaintiffs assert that the district court misapplied the negligence law of Maryland, which governs in this case, and that the district court's finding of no negligence was based on underlying conclusions which were either not supported by the record or based on improperly admitted evidence. The test of negligence of a manufacturer or a supplier of a given product under Maryland law is whether or not he acted with reasonable care under the circumstances. Babylon v. Scruton, 215 Md. 299, 138 A. 2d 375 (1958). Cf. Katz v. Arundel-Brooks Concrete Corp., 220 Md. 200, 151 A.2d 731, 78 A.L.R.2d 692 (1959). We think the district court's summary of the rule is adequate. Plaintiffs seem to contend that Maryland law compels a finding of negligent design in this case because defendant failed to conduct tests to ascertain whether throttle heat was necessary, but we find no support for this position in the Maryland cases. See Babylon v. Scruton, supra. What plaintiffs are actually objecting to is the district court's fact finding, and that is beyond review by this court unless clearly erroneous, which is not the situation in this case. Fed.R.Civ.P. 52(a).

■ Our review of the record convinces us that all of the district court's findings of fact are adequately supported by the evidence. Moreover, we cannot agree with plaintiffs that the district court erroneously considered the fact of defendant's compliance with Federal Aviation Agency (hereinafter called F.A.A.) safety regulations on the issue of the standard of care required of the defendant. The regulations, whose purpose is "to promote safety of flight of

---

* Downer Aircraft Company is not a party to this suit, having been dismissed due to lack of proper service of process.

civil aircraft", 49 U.S.C. § 1421 (1964), seem to us to be relevant and useful evidence on the standard-of-care issue, and we think them admissible under federal practice. Citrola v. Eastern Air Lines, 264 F.2d 815 (2 Cir. 1959); Prashker v. Beech Aircraft Corp., 258 F.2d 602, 76 A.L.R.2d 78 (3 Cir. 1958). Administrative safety regulations are also admissible under Virginia law. Washington & O. D. Ry. v. Carter, 117 Va. 424, 85 S.E. 482 (1915).

Neither can we agree with plaintiffs' contention that the admission of evidence that the F.A.A. records reveal no other accidents of similar cause was erroneous. The general Virginia rule is that evidence regarding absence of other injuries under similar circumstances is not admissible to show that a defendant in a negligence case met the required standard of care. Sanitary Grocery Co. v. Steinbrecher, 183 Va. 495, 32 S.E.2d 685 (1945). The rationale for the rule is that "such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them; and, moreover, the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it." Id. at 499, 32 S.E. 2d at 687 (quoting Moore v. City of Richmond, 85 Va. 538, 8 S.E. 387, 388 (1888)). The need for the rule is not apparent in the case at bar, where the court is the finder of fact and where the F.A.A. records, which are accurately and systematically compiled, are readily available to both parties. Moreover, "the modern rule [is] to admit in evidence any matter which throws light on the question in controversy, leaving to the discretion of the judge [the obligation] to hold the hearing within reasonable bounds * * *." United States v. 25.406 Acres of Land, etc., 172 F.2d 990, 995 (4 Cir.), cert. denied, 337 U.S. 931, 69 S.Ct. 1496, 93 L.Ed. 1738 (1949).

The district court's finding of no breach of express warranty was based not upon a conclusion that the advertisements did not constitute a warranty, but rather upon a finding of fact that the warranty was not breached because, when read in its entirety, each advertisement warranted not freedom from all types of engine icing, but freedom from carburetor or vaporization icing. Our review of the advertisements contained in the record satisfies us that the district court could have concluded with good reason that a prudent aircraft purchaser could not reasonably have believed otherwise.

Plaintiffs' contention that the district court erred in not finding a breach of implied warranty of fitness is without merit. The record sufficiently supports the district court's determination.

Affirmed.