REBECCA G. GOINS

V.

WENDY'S INTERNATIONAL, INC.

Record No. 910197

November 8, 1991

Present: All the Justices

*David B. Rheingold* for appellant.
*Robert L. Cox, Jr. (H. Aubrey Ford, III; Rilee, Cantor & Russell*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this action, the plaintiff alleged that she contracted food poisoning from food consumed in the defendant's restaurant. The sole issue on appeal is whether the trial court erred in admitting the defendant's evidence of the absence of other complaints.

Rebecca G. Goins sued Wendy's International, Inc. (Wendy's), to recover damages allegedly sustained when she consumed tainted food in a Wendy's restaurant. Prior to trial, Goins filed a motion in limine seeking to prevent Wendy's from introducing into evidence the testimony of two restaurant employees that they had received no other complaints of food poisoning relating to food served by the restaurant on the day Goins consumed the allegedly tainted food. The trial court denied the motion and permitted the introduction of the challenged evidence.

The case was submitted to a jury on the issue whether Wendy's had breached an implied warranty of merchantability by serving food that was unsafe for human consumption. The jury returned a verdict for Wendy's, and the trial court entered a judgment thereon. Goins appeals.

On the evening of June 9, 1989, Goins ate from a Wendy's restaurant's cold salad bar. Approximately an hour and fifteen minutes later, Goins became violently ill with vomiting and diarrhea. Later that evening, she was admitted to a hospital where she remained for two days.

On the day Goins was released from the hospital, she was examined by a physician. The doctor testified that Goins's illness probably was the result of food poisoning caused by something she had eaten at the Wendy's restaurant.

The restaurant's manager testified that, although approximately 117 food bar meals were sold on June 9, 1989, he was not aware of any other complaints about the food. The manager admitted that he did not know the names of everyone who came into the restaurant that evening, that it was virtually impossible to track down the customers, that he did not know which food items each customer ate, and that he did not know how many persons ate about the time Goins did. The restaurant's shift manager also tes-

tified that she received no complaints about food other than from Goins.

Goins contends that the trial court committed reversible error in admitting into evidence the testimony of the restaurant's manager and shift manager. Wendy's contends that, because Goins's case rests solely upon circumstantial evidence, "Wendy's certainly should be allowed to offer circumstantial evidence in rebuttal." We do not agree with Wendy's.

It is firmly established that evidence of the *absence* of other injuries is not admissible in a negligence action when timely objection to it is made. *Sykes, Adm'r v. Railway Company*, 200 Va. 559, 564-65, 106 S.E.2d 746, 751 (1959); *Sanitary Gro. Co. v. Steinbrecher*, 183 Va. 495, 500, 32 S.E.2d 685, 687 (1945). Such evidence introduces into the trial collateral issues, remote to the issue at trial, which would tend to distract, mislead, and confuse the jury. *See City of Radford v. Calhoun*, 165 Va. 24, 36, 181 S.E. 345, 350 (1935); *Moore v. City of Richmond*, 85 Va. 538, 539, 8 S.E. 387, 388 (1888). The rationale for not admitting evidence of the absence of other injuries is the same, whether the opposing party's case is based upon direct evidence, circumstantial evidence, or a combination thereof, and whether the action lies in negligence or implied warranty.

Wendy's also contends that "[t]he admission or exclusion of evidence based upon its relevancy is a matter generally left to the sound discretion of the trial court." In support of this contention, Wendy's relies upon a statement to that effect we made in *Peacock Buick v. Durkin*, 221 Va. 1133, 1136, 277 S.E.2d 225, 227 (1981). While this statement is certainly accurate, we have never held that an established rule of evidence may be modified or nullified by a trial court's exercise of discretion. Indeed, we made clear in *Peacock Buick* that "[e]vidence having rational probative value and which adds force and effect to other evidence will be admitted *unless some other rule requires its exclusion." Id.* (emphasis added) (citing *Levine v. Lynchburg*, 156 Va. 1007, 1014, 159 S.E. 95, 97 (1931)). In the present case, as previously noted, another rule requires the exclusion of evidence of the absence of other injuries.

We find nothing in the present case that would justify our departure from the long-established rule relied upon by Goins. Indeed, a departure from the rule would interject evidence so problematical, due to the potential for a lack of reporting and the

variables of circumstances and conditions, that such evidence would have slight, if any, relevancy or probative value. This is especially true in the present case because the absence of other complaints does not necessarily mean that there were no other incidents of sickness.

Consequently, we hold that the trial court erred in admitting evidence of the absence of other complaints. Accordingly, the trial court's judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*