# CIRCUIT COURT OF ROCKBRIDGE COUNTY

William Roberts, III

v.

Ciara Spell

April 16, 2012

Case No. CL10-272

By Judge Michael S. Irvine

The Court has reviewed the motion in limine filed by Plaintiff, the evidence presented in support thereof, and the written and oral arguments of counsel. The parties have agreed for the Court to decide this issue upon the evidence presented at the hearing on the motion.

Plaintiff was allegedly injured in an accident while he was operating a bicycle on State Route # 670 in Rockbridge County. Plaintiff alleges that the Defendant operated her motor vehicle in a negligent, reckless, and careless manner. Plaintiff states in his motion in limine that, "it is undisputed that this incident arises out of the parties' actions as the Plaintiff approached the oncoming Defendant who was attempting to make a left turn." Defendant's written response to the motion in limine does not dispute that the accident happened when Defendant made a left turn in front of the Plaintiff.

Sometime prior to the accident, the Virginia Department of Transportation placed yellow and black "warning" or "advisory" signs along State Route 670 just prior to where the collision occurred. One sign indicates by a squiggly arrow that the road ahead is curvy. Counsel for Plaintiff stated during oral argument that this sign was not the subject of the Motion in Limine and Plaintiff did not object to introduction of that sign's existence. The other sign, mounted on the same pole, indicates a 25 m.p.h. maximum speed. Reference is made to Plaintiff's exhibits # 1 and # 2 depicting the signs. Plaintiff's motion in limine seeks to prevent the Defendant from

introducing evidence of the advisory speed sign. Plaintiff first argues that the evidence does not show that the sign was installed based on an engineering study and, therefore, should not be considered. Next, Plaintiff contends that the presence of the sign was to warn drivers of the curvature of the road and its effect on the control of a motor vehicle, not a recumbent bicycle. Finally, Plaintiff argues that the purpose of the sign was roadway related, not traffic related, and, therefore, not relevant to the liability issue that the jury will consider at trial.

Defendant argues that the purpose of the sign is to "warn of road conditions in an effort to avoid traffic conditions." Therefore, Defendant claims that the sign is relevant and wants to introduce evidence of its existence. Counsel for the Defendant explained at argument that he does not seek to introduce evidence of the sign's existence in order to claim that Plaintiff was contributorily negligent. In fact, defense counsel stated that he would not be asking for an instruction on contributory negligence. Rather, Defendant claims that she was aware of the sign's existence and in reliance upon that sign began to make her left turn believing that another vehicle approaching her in the oncoming lane would not be traveling in excess of the speed noted on the advisory sign, i.e. 25 m.p.h.

In determining the admissibility of evidence, Virginia courts have found that evidence is "relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." *Id.* Such a court should admit whatever evidence it deems relevant and relegate the determination of how much weight to grant the evidence to the jury. *McNeir v. Greer-Hale Chinchilla Ranch,* 194 Va. 623, 74 S.E.2d 165 (1953). However, evidence presented must be confined to the issues relevant to the matter before the court. *Helmick v. Commonwealth,* 38 Va. App. 558, 567 S.E.2d 551 (2002); see also *Moore v. Richmond,* 85 Va. 538, 8 S.E. 387 (1888). Evidence of collateral facts and incapable of supporting an inference on the matters at issue is irrelevant and cannot be accepted into evidence. *Walker v. Commonwealth,* 258 Va. 54, 515 S.E.2d 565 (1999). Exclusion of evidence that is only related to collateral matters is clearly within the discretion of the trial judge. *Lamborn v. National Bank of Commerce,* 15 F.2d 473 (4th Cir. 1926).

Since the Defendant has stated that contributory negligence is not an issue in this case, the sole issue regarding liability to be determined by a jury is whether the Plaintiff was negligent in operating her motor vehicle. Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case. VMJI Civil, Instr. # 4.000. The issue then is whether the Defendant used the care that a reasonable person would have used under the circumstances in making her left turn. The Defendant wants to introduce evidence of the advisory sign in support of her claim that she assumed other drivers would be obey the sign. Certainly, a driver of a vehicle has a right to assume that the driver of another vehicle will operate it in a *lawful* manner until he

realizes, or in the exercise of ordinary care should realize, that the other driver is not going to do so. VMJI, Civil, Instr. # 10.010. However, failure to obey an advisory or warning sign is not unlawful. Moreover, the Defendant is not claiming that the Plaintiff was negligent so the sign has little, if any, probative value. Certainly the Defendant may introduce evidence of Plaintiff's speed and may argue that, because of that speed, she did not see him approaching as she made her turn. Such evidence may permit the jury to find that she acted as a reasonable person under those circumstances and was not negligent. However, introduction of evidence regarding the sign would potentially lead the jury to conclude that Plaintiff violated some law, which is not the case, or that he was negligent, which the Defendant does not claim. Thus the prejudicial effect of such evidence would greatly outweigh any probative value.

Finally, from the evidence presented, it is clear to the Court that the sign was placed in the area to warn drivers of a road condition, i.e. that the road was curvy and excessive speed may cause a driver to lose control. It was not put there to permit other drivers to assume that every driver will operate their vehicle at a speed that is lower than the lawful speed limit. Indeed, it is possible that a driver of a fancy sports car or motorcycle would be able to maneuver the curves without slowing down. Perhaps such a driver could do so without being negligent. In such a case, the speed of the driver may be relevant as to whether a person turning left, like the Defendant in this case, was negligent but the advisory speed sign concerning the road condition should not provide the means for such proof.

For the reasons stated herein, the Court grants Plaintiff's motion in limine.