## NOLAN v. UNITED STATES.

### No. 6190.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 3, 1951.

Decided Jan. 29, 1951.

William E. Allaun, Jr., Newport News, Va. (Newman & Allaun, Newport News, Va., on brief), for appellant.

John P. Harper, Asst. U. S. Atty., Norfolk, Va. (George R. Humrickhouse, U. S. Atty., Richmond, Va., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and WEBB, District Judge.

DOBIE, Circuit Judge.

This civil action was brought in the United States District Court for the Eastern District of Virginia, and tried by the judge, without a jury. Plaintiff (appellant here) sued the defendant, United States, under the Federal Tort Claims Act for $10,000.00 damages suffered in a slip and fall allegedly caused by defendant's negligent failure to maintain its parking lot free from ice and snow. The District Court concluded that there was no negligence, and judgment was entered for defendant. Plaintiff has appealed.

At the time of the accident (January 27, 1948), plaintiff was a schoolteacher at Langley Air Force Base, a Government reservation in Virginia. She was paid in part by the county where the Base was located, and in part from unappropriated federal funds, but it was stipulated that

she was not an employee of the United States.

Three days before the accident, on the morning of January 24, four inches of snow fell. This had melted away to 1.2 inches at midnight of the same day; to 0.4 inches at midnight of January 25; and to 0.2 inches at the time of the accident. Early in the morning of January 27, a mere trace of precipitation fell, and just prior to the accident a very light snow began, which had not at the time of the accident increased the measured depth of 0.2 inches. Throughout this period it was cold, the temperature remaining below freezing.

At about eight A.M. on January 27, plaintiff arrived at Langley Base, after driving safely from her home in Newport News, Virginia. She parked her car on a parking lot near the school building and gathered up her lunch, thermosjug, etc. After walking about forty feet across the parking lot in the direction of the school building, "loaded with bundles and materials," she slipped and was injured.

It is plaintiff's theory that water from melting snow had collected in low areas on the parking lot and frozen, and that one of these patches of ice, hidden by the thin layer of snow, caused her fall. The alleged negligence is the failure of the United States to remove this ice or snow, or to treat it so as to make it harmless. Evidence was introduced to show that other persons had slipped on the parking lot. Plaintiff testified that she had walked without any difficulty some forty feet from her car to the point where she slipped. Various witnesses severally described general conditions with the term, "ice and snow;" but none definitely placed ice on the parking lot. Plaintiff and another witness testified that puddles would stand on the lot after a rain.

Against this was the testimony of persons expert in the collection of ice on parking lots, who said that this lot was smoothly paved with six to eight inches of concrete, that there were no undulations or irregularities in its surface, that it had a 1% grade—more than sufficient for proper drainage, and that the collection of water thereon was impossible. The District Judge went to view the lot during the trial. He found it to be in good repair, dry, and without puddles even though a substantial rain had fallen only five or six hours previous. Particular inspection of the spot pointed out by plaintiff as the place she slipped, and the surrounding area, showed no depression in which water could have collected. The District Court found from all of this evidence that there was no accumulation of ice at the spot where plaintiff fell.

This finding can be disturbed by us only if clearly wrong. Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A. And we cannot find clear error. None of plaintiff's witnesses had testified to a definite knowledge that ice lay under the snow, but each expressed only a belief or surmise to that effect. Weighing this against the testimony of experts and his own observations, is the province of the District Judge. We cannot say that his judgment is incorrect.

The complaint also alleged that it was the defendant's duty to clear the ice and snow from the lot. It therefore remains to be determined whether the District Court properly failed to find negligence in the defendant's failure to remove the alleged ice and snow.

■ The case is governed by the law of the place where the accident occurred. Federal Tort Claims Act, 28 U.S.C.A. § 2674. State of Maryland to use of Burkhardt v. United States, 4 Cir., 165 F.2d 869, 1 A.L.R.2d 213.

■ Plaintiff does not argue that she is in any position more favorable than that of an invitee. And Virginia case law appears to be well settled as to the measure of duty owed to an invitee by a landowner. The landowner must use ordinary care to render the premises reasonably safe for the invitee. Raylass Chain Stores, Inc. v. DeJarnette, 163 Va. 938, 178 S.E. 34; Williamson v. Wellman, 156 Va. 417, 158 S.E. 777. But he is not an insurer of the invitee's safety. Turner v. Carneal, 156 Va. 889, 159 S.E. 72.

The duty of the landowner was stated more particularly in Acme Markets, Inc., v. Remschel, 181 Va. 171, 177, 24 S.E.2d 430, 433: "The owner must give notice or warning of an unsafe condition which is known to him and is unknown to the invitee, but notice is not required where the dangerous condition is open and obvious to a person who is exercising reasonable care for his own safety."

In that case the plaintiff was damaged after dark by a stump in defendant's parking lot. The evidence showed that defendant permitted the stump to remain there, partially obscured and in an area insufficiently lighted. Plaintiff recovered on the theory that the defendant breached its duty by not warning the plaintiff of the stump's presence. The case implies that the defendant could have fulfilled his duty and purged himself of negligence had he posted a neon sign on the stump, or taken some other action calculated to warn the plaintiff of its presence. The case does not imply that the defendant had an absolute duty to remove the cause of the injury.

Nor do we think that the United States was necessarily obliged to clear the snow from its parking lot. Langley Field is a large installation having thousands of feet of runway and literally miles of streets. When a snow of sufficient size to warrant removal occurs, a system of removal priority takes effect: runways and aircraft parking areas, first; streets and sidewalks, second; and miscellaneous areas, such as the parking lot on which plaintiff slipped, third. This is often a prolonged and expensive operation. Whether sufficient time existed to clear the snow of January 24 from the parking lot before the accident occurred, does not appear. But we do not think the defendant was bound to take this action to remove a common and not very serious danger, obvious to plaintiff and readily avoided by the exercise of reasonable care. As has already been mentioned, a very light snow had fallen on January 27, and the snow began to fall again just prior to the accident, and, of course, there was no duty upon the United States to have cleared this freshly fallen snow from the parking lot at the time the plaintiff fell.

Having accepted the finding of the District Court that no ice was present, it becomes clear that plaintiff slipped in the snow. And it would appear that plaintiff's being loaded with "bundles and materials" had some connection with this fact. Plaintiff was familiar with the lot and had walked over it the day before without, as far as appears, any inconvenience or trouble. Defendant is not legally responsible for this unfortunate accident.

The judgment of the District Court is affirmed.

Affirmed.