## Richmond

TAZEWELL SUPPLY COMPANY, INCORPORATED, T/A A-MART v. VIRGINIA BELLE TURNER.

June 12, 1972.

Record No. 7834.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Carl C. Gillespie, Jr.; Norris Kantor (Gillespie, Gillespie & Hart; Katz, Katz and Kantor*, on brief), for plaintiff in error.

*Donald R. Mullins (McClintock and Mullins*, on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

The plaintiff, Mrs. Virginia Belle Turner, fell and was injured in the store of defendant, Tazewell Supply Company, Inc., T/A A-Mart, in Tazewell, Virginia. She brought her action for damages alleging her fall was caused by a cardboard box which defendant had negligently placed in the aisle of the store. The trial by a jury resulted in a verdict in her favor for $12,500 on which the court entered the judgment which defendant now seeks to have reversed. We need consider only the assignment of error which raises the question of plaintiff's contributory negligence as a matter of law.

The plaintiff, then age 72, entered the store on November 21, 1967 with her two sisters, Nora Richardson and Lula Martin. She was familiar with the store, having previously shopped there. She testi-

fied that the store was well lighted and that she had no trouble seeing on that day. It appears that she and her sisters were the only customers in the store at the time. Plaintiff was not pushing a shopping cart and had nothing in her hands other than a pocketbook.

The three sisters entered through the front door. Near this door were two check-out counters. There was a center aisle described as 5 to 6 feet wide, which ran the entire length of the store from front to rear. This was the main aisle and there were perpendicular cross aisles. Along the cross aisles were counters or gondolas on which merchandise was displayed. There was ample room in the center and cross aisles for customers to walk, view and obtain merchandise.

After plaintiff had "shopped around" in the store for some 20 to 30 minutes, and preparatory to leaving, plaintiff walked from the rear of the store toward the front and up the center or main aisle. She had reached a point just beyond the last cross aisle before the checkout counters when, while looking up and to her left, she thought she saw some Christmas seals. At that time plaintiff was some 2 to 3 steps beyond the cross aisle toward the front of the store. She decided to go back and enter the cross aisle to look at the seals.

Plaintiff stated that she turned to her left, walked back 2 or 3 steps, and while making a right turn in the cross aisle she tripped and fell. While plaintiff stated she saw no box either before or after she fell, she further said that she knew "by the feel of it, it was there, but it seemed like I had stepped in it and the top was open. It was setting with the top open; that's what I thought it was. My foot kinda got tangled up, hooked, I couldn't get my balance".

The only other witness who testified about the accident was plaintiff's sister, Mrs. Nora Richardson. When Mrs. Richardson entered the store she walked down its main aisle, from the front toward the rear, and made a right turn into the first cross aisle. She stated that she then saw the cardboard box, describing it as 12 to 14 inches wide, 12 to 14 inches high and indicated that the length of the box was greater than its width and height. She said the box was not the same color as the floor of the store. She located the box as in an offset, on the floor of the cross aisle, at the corner of and adjacent to a counter. This counter created the first cross aisle leading from the main aisle and was to Mrs. Richardson's right. Apparently it had been used previously by the store to display turkey roasters that were on sale at the A-Mart at that time.

Mrs. Richardson testified that she did not have any trouble getting by the box or through the aisle. This witness then shopped in the rear of the store. Preliminary to leaving she, too, came from the rear toward the front and up the center aisle. She says that she again saw the box and that it was in the same place it was when she first noticed it. She also stated that the store was lighted.

Mrs. Richardson did not see her sister fall for she had reached the check-out counter by that time. When she heard a noise she went back and found that Mrs. Turner had fallen. The box was lying on the floor beside her sister.

The law which controls our decision here was well stated in *Gottlieb* v. *Andrus*, 200 Va. 114, 104 S. E. 2d 743 (1958), where we said:

"The plaintiff was an invitee and the defendant owed to her the duty of using ordinary care to have his premises reasonably safe for her visit. In the exercise of ordinary care the defendant was required to warn the plaintiff of latent dangers which were or should have been known to him and which were unknown to the plaintiff. But no notice or warning was required if the alleged dangerous condition was open and obvious to a person exercising reasonable care for his own safety. *Atlantic Company* v. *Morrisette*, 198 Va. 332, 333, 94 S. E. 2d 220, 222; *Montgomery Ward and Co.* v. *Young*, 195 Va. 671, 79 S. E. 2d 858; *Crocker* v. *WTAR Radio Corp.*, 194 Va. 572, 74 S. E. 2d 51; *Knight* v. *Moore*, 179 Va. 139, 18 S. E. 2d 266.

"Without knowledge or warning of danger, an invitee may assume that the premises are reasonably safe for his visit. He is not required to be on the lookout for dangers not open and obvious; ' "but notice is not required where the dangerous condition is open and obvious to a person who is exercising reasonable care for his own safety.**" ' *Comess* v. *Norfolk General Hospital*, 189 Va. 229, 235, 52 S. E. 2d 125, 128.

"The plaintiff, possessed of a jury verdict approved by the trial court, is of course entitled to have the evidence considered in the light most favorable to her. When that is done, it must be sufficient to establish negligence on the part of the defendant as the sole proximate cause of her injuries. If it appears that she failed to exercise reasonable care and that such failure was a contributing cause of the accident, she is not entitled to have damages from the defendant." 200 Va. at 117, 104 S. E. 2d at 746.

In the instant case it is not necessary that we determine whether the defendant was negligent. The critical question here is whether as a matter of law the plaintiff was guilty of contributory negligence. This depends on whether the danger complained of was open and obvious to a person exercising reasonable care for his own safety. The testimony introduced by the plaintiff clearly establishes that it was.

The plaintiff never saw the box in question either before or after her fall. She "felt the box" and is convinced that it was the cause of her fall. However, the location, size and dimensions of the box were not in controversy. The plaintiff said that had she been looking she would have seen the box. She was asked if she ever saw the box and responded: "No, sir, if I had been looking down I would have seen it, but I was looking at the things hanging up over there."

The testimony of Mrs. Nora Richardson was equally as damaging in showing contributory negligence by the plaintiff. She testified that she had no trouble whatsoever in seeing the box on two occasions although she was not looking for it either time. She further said that she had no trouble in avoiding the box when she made her right turn into the cross aisle where the box was located.

The facts in *Gottlieb* v. *Andrus, supra* are strikingly similar to those in the instant case. The plaintiff there also alleged that her injury was caused by a box which she did not see prior to striking it and falling. The plaintiff there also gave as her reason for not seeing the box that she was not looking at the floor. In *Gottlieb*, as here, the store was well lighted. The box was in plain view and we held that the plaintiff could not "in the exercise of ordinary care, close her eyes, which was the equivalent of what she said she did, and walk down this aisle without regard to open and obvious articles in it which would have been apparent to her had she looked even casually on entering the aisle or at any time before she fell". 200 Va. at 118, 104 S. E. 2d at 747.

In the instant case Mrs. Richardson said she looked casually and saw the box. Mrs. Turner said she did not look at all and did not see the box. We think it clear that the plaintiff's own negligence contributed to her injury and bars her recovery.

*Reversed and final judgment.*