## Richmond

Frederick T. Wynne, T/A, Etc. v. Frank William Spainhour, Jr.

June 10, 1974.

Record No. 730802.

Present, All the Justices.

Frank D. Harris (Harris & Matthews, on brief), for plaintiff in error.

Don P. Bagwell (Chandler A. Nelson; Tuck, Bagwell, Dillard, Mapp & Nelson, on brief), for defendant in error.

Per Curiam.

The defendant, Frederick T. Wynne, trading as Thriftway of Centerville, complains of a jury verdict and judgment in the sum of $7,500 in favor of the plaintiff, Frank William Spainhour, Jr. The plaintiff recovered for personal injuries he sustained when he slipped and fell on ice on the parking lot of the defendant's store and service station. The dispositive question presented on appeal is whether the evidence was sufficient to establish primary negligence on the part of the defendant.

The record shows that the plaintiff visited the business premises in question, with which he was familiar, at approximately 12:30 p.m. on December 27, 1969, for the purpose of purchasing gasoline for his truck. After filling his tank at a self-service pump, the plaintiff walked toward the store building to pay for his purchase. While passing between two parked cars, he stepped on what he thought was "a dark moisture spot." The spot was in fact ice, and the plaintiff slipped and fell to the pavement, breaking his hip.

The evidence relating to the liability of the defendant was without material conflict. It was shown that several days before the plaintiff sustained his injury, a heavy snow had fallen in the area where the defendant's place of business was located. The day after the storm, the snow was scraped from the defendant's parking lot with a "tractor and blade." From the time of the storm until the plaintiff's fall three or four days later, the temperature remained below freezing. Consequently, scattered spots of ice remained on the lot, and the defendant spread rock salt over the spots twice each day. Indeed, some three to four hours before the plaintiff fell, salt had been spread on the icy spots, including the spot where the fall occurred.

We are of opinion that the evidence was insufficient, as a matter of law, to show that the defendant was negligent. The plaintiff, as an invitee on the defendant's premises, was owed the duty of ordinary care. The discharge of that duty required the defendant to maintain his premises in a reasonably safe condition for the plaintiff's visit and to warn the plaintiff of any hidden dangers. *Tazewell Supply Company* v. *Turner*, 213 Va. 93, 95, 189 S.E.2d 347, 349 (1972). But the defendant was not an insurer of the plaintiff's safety. *Langhorne Road Apartments* v. *Bisson*, 207 Va. 474, 478, 150 S.E.2d 540, 542 (1966).

By scraping the snow from the parking lot soon after the storm and attempting thereafter to remove systematically the remaining spots of ice, the defendant did all that ordinary care required to maintain his premises in a reasonably safe condition for the plaintiff's visit. And, because the remaining icy spots were open and obvious, the defendant was not required to warn of their presence. Therefore, the defendant did not breach any duty he owed the plaintiff.

We hold that the evidence was insufficient to support the jury's verdict. Accordingly, the judgment of the trial court will be reversed, the verdict set aside, and final judgment entered here in favor of the defendant.

*Reversed and final judgment.*