924 F.2d 1051
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jacqueline C. HALL, Plaintiff-Appellant,
v.
FOOD LION, INCORPORATED, Defendant-Appellee.
Jacqueline C. HALL, Plaintiff-Appellee,
v.
FOOD LION, INCORPORATED, Defendant-Appellant.
 Nos. 90-1438, 90-1445.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Jan. 31, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-89-404-R)
 Irving M. Blank, Wells, Paris, Blank & Brown, P.C., Richmond, Va. (Argued), for appellant; Leonard A. Paris, Wells, Paris, Blank & Brown, P.C., Richmond, Va., on brief.
 John Martin Oakey, Jr., McGuire, Woods, Battle & Boothe, Richmond, Va., (Argued), for appellee; E. Duncan Getchell, Jr., James W. Walker, McGuire, Woods, Battle & Boothe, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Following a verdict in appellant Jacqueline C. Hall's favor, the district court granted a motion for judgment n.o.v. Our review of the record reveals that the district court correctly granted the motion and we, therefore, affirm.
 
 
 2
 The facts in the case are undisputed. Hall and a friend went to a Food Lion grocery store in Virginia. Boxes were stacked in the middle of the aisle where the accident occurred, dividing it in half. Hall's friend went to the right and Hall went to the left. Hall walked straight ahead to the freezer with nothing in her path. She neither looked down the half aisle before starting to shop in the frozen food case nor did she watch where she was stepping as she slid sideways down the aisle, gazing into the waist-high case. After walking 10-12 feet, she tripped and fell over a box which was pushed up against the freezer case, blocking the way.
 
 
 3
 Hall acknowledged that she would have seen the box, which measured approximately 15" X 18" X 5.5", had she looked down the aisle.
 
 
 4
 Hall argues that reasonable minds could disagree as to whether she negligently contributed to her fall. The district court granted the judgment n.o.v., finding Hall contributorily negligent as a matter of law according to the rationale of Gottlieb v. Andrus, 200 Va. 114, 117, 104 S.E.2d 743, 746 (1958), and Tazewell Supply Co. v. Turner, 213 Va. 93, 95, 189 S.E.2d 347, 349 (1972). We agree with the district court. Gottlieb and Tazewell require invitees in Virginia to be on the lookout for hazards "open and obvious" to persons exercising reasonable care for their safety. Hall had a duty to look down the aisle where she was about to walk so that she might avoid stumbling over an object which was open and obvious.
 
 
 5
 AFFIRMED.