**CIRCUIT COURT OF NELSON COUNTY**

Crystal H. Spangler

v.

Wintergreen Partners, Inc.

November 1, 1991

Case No. (Law) 1836

By JUDGE J. MICHAEL GAMBLE

I am writing this letter to issue my ruling on the Motion for Summary Judgment made by the defendant. I have decided to grant the Motion for Summary Judgment filed by the defendant, Wintergreen Properties, Inc. This motion is granted on the grounds that the condition on the Wintergreen ski premises of which the plaintiff maintains caused her injuries was open and obvious and therefore did not require the defendant to warn of any unsafe condition or take any other remedial measures to remedy the alleged unsafe condition.

The facts as disclosed in answers to the interrogatories and request for production of documents, together with the representation by counsel during oral argument on October 31, 1991, indicate that the plaintiff skied into a lift maze pole six to ten feet in height at the bottom of a Wintergreen ski slope (Logger's Alley) and injured her left knee. The pole into which the plaintiff skied was a lift maze pole which was utilized for the purpose of guiding groups of skiers to the lift chair at the bottom of the slope. Basically, this maze organizes and controls the skier traffic at the bottom of the ski slope and directs the skiers onto the chair lift. A photograph of the lift maze pole with which the plaintiff collided was attached as Exhibit "B" to the Motion for

Summary Judgment. The plaintiff agreed that Exhibit "B" is a photograph of the lift maze pole.

The plaintiff asserts that the lift maze pole was not an open and obvious condition because a steel pipe was covered with plastic PVC pipe thereby disguising a latent danger to the plaintiff which was created by the lift maze pole. The plaintiff also asserts that it will have an expert witness testify at trial that a different device should have been used which was less likely to cause injury than a lift maze pole.

The problem with the case of the plaintiff is that the six to ten foot tall lift maze pole is an open and obvious obstacle. It is no less open and obvious than a tree, another skier, a chair lift building, or a chair lift tower.

The Supreme Court of Virginia has held that an owner of commercial property must give notice or warning of an unsafe condition which is known to the owner but unknown to the invitee. However, the Court has further held that such notice is not required where the dangerous condition is open and obvious. *Roll 'R' Way Rinks v. Smith*, 218 Va. 321, 326, 237 S.E.2d 157, 161 (1977). The Supreme Court of Virginia has further made it clear that owners and operators of recreational areas come under a flexible standard of care which varies according with the type of entertainment or recreation which is assumed by the invitee. In *Whitfield v. Cox*, 189 Va. 219, 52 S.E.2d 72 (1949), the Supreme Court of Virginia considered a case where the plaintiff was struck in the face by an empty whiskey bottle thrown by an unknown person during a wrestling match. The Supreme Court of Virginia reversed a jury verdict against the proprietor stating as follows:

> The owner or proprietor of a place of amusement or entertainment is not an insurer of the safety of his invitees. His duty is to exercise reasonable care for their safety and protection -- such care as would be exercised by an ordinarily careful and prudent person in the same position and circumstances. 189 Va. at 223.

In the instant case, the law did not require the landowner, Wintergreen Partners, Inc., to protect people

from an open and obvious condition. The argument by the plaintiff that a steel pole was contained within the PVC pipe is not satisfactory to establish that a latent condition existed. It is not reasonable to think that an ordinary person would believe that a six to ten foot pole at the bottom of a ski slope is an object into which a person could collide. The Court can find no rational difference between what a reasonable person would anticipate with reference to colliding with a maze lift pole six to ten feet in height and a tree, another skier, a ski lift tower, or a ski lift building. All of these hazards are hazards that are reasonably anticipated on a ski slope; moreover, they are open and obvious. In many cases, the Supreme Court of Virginia has held that an open and obvious condition on premises cannot be the basis of a recovery on the basis of negligence. *Wynne v. Spainhour*, 215 Va. 16, 205 S.E.2d 634 (1974); *Tazewell Supply v. Turner*, 213 Va. 93, 189 S.E.2d 347 (1972); and *Great Atlantic and Pacific Tea Co. v. Rosenberger*, 203 Va. 378, 124 S.E.2d 26 (1962).

The Court is mindful that generally whether or not a hazard is open and obvious is an issue for the jury. In the instant case, however, it is clear that the lift maze pole was open and obvious to any reasonable person using the ski slope. In view of this clear factual context, it is unfair to require the parties to expend the time and expense to come to Court when there is no factual issue upon which citizens can reasonably differ.

The Court notes that the defendant also moved for Summary Judgment on the grounds that the plaintiff assumed the risk. Although the above ruling disposes of the case, in order to completely dispose of the Motion of the defendant, on this issue, the Court rules that the issue on assumption of risk in the context of this case would have been a jury issue if the case had overwise been litigated.

The actual answers to interrogatories and answers to the response for production of documents are not filed in the Court file. Because the Court has utilized these responses in ruling on this Motion for Summary Judgment, the Court directs that the defendant file these in the Court file at the time that the dismissal order is submitted.