UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NICOLE L. BETTERTON,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

No. 98-2751

Defendant-Appellee,

and

ARNELL C. MILLER,
Defendant & Third Party Plaintiff.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Norman K. Moon, District Judge.
(CA-97-66, CA-97-68)

Submitted: July 20, 1999

Decided: August 17, 1999

Before ERVIN, HAMILTON, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Glenn L. Berger, BERGER & THORNHILL, Altavista, Virginia, for
Appellant. David W. Ogden, Acting Assistant Attorney General, Rob-
ert P. Crouch, Jr., United States Attorney, Robert S. Greenspan,

August E. Flentje, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nicole L. Betterton appeals from the district court's order granting summary judgment in favor of the United States in Betterton's action brought under the Federal Tort Claims Act, 28 U.S.C.§§ 2671-2680 (1994) ("FTCA"). Because we find that the district court properly determined as a matter of law that the United States was not negligent with respect to clearing the Gretna, Virginia, Post Office parking lot of snow and ice, we affirm.

On Monday morning, January 8, 1996, following a heavy weekend snowfall, Paul Lewis, Sr., Paul Lewis, Jr., and Carl Shelton used a front-end loader to remove accumulated snow from the Post Office parking lot. They pushed the snow to the lower end of the lot so that melting snow would not flow onto the parking lot. Lynwood Keatts, a postal employee, testified that postal employees shoveled the loose snow that the front-end loader could not get. No more precipitation fell after the lot was cleared on January 8, 1996. Because the parking lot was in excellent shape, Keatts stated that no additional work was done to clear the lot after Monday.

At about 2:00 p.m., on Wednesday, January 10, 1996, Betterton exited the Post Office and was walking on the sidewalk along the front of the building when she was struck by an automobile driven by Arnell Miller. Miller was attempting to straighten her car in a parking space in front of the Post Office. She backed up, then before moving forward into the parking space, her "wheels started spinning on the ice . . . . As I tried to stop it, it just lurched forward spinning on the

2

ice." The car rolled over the curb, onto the sidewalk at about ten miles per hour and pinned Betterton between the car and the building, breaking both her legs.

Betterton subsequently brought this action under the FTCA, alleging that the United States' negligence in failing to remove snow and ice from the parking lot resulted in her injuries.* The district court granted summary judgment in favor of the United States finding, as a matter of law, that the government adequately removed the snow from the parking lot and that any failure to do so did not cause Betterton's injuries.

Under the FTCA, the United States would be liable for Betterton's injuries only if a private person operating a business would be liable for the accident under Virginia law. See 28 U.S.C. § 2674; Pendley v. United States, 856 F.2d 699, 702 (4th Cir. 1988). To constitute actionable negligence under Virginia law, there must be a legal duty, a breach thereof, and a consequent injury. See Bartlett v. Roberts Recapping, Inc., 153 S.E.2d 193, 196 (Va. 1967). In this case, Betterton was an invitee on the premises of the United States Post Office. Therefore, the United States owed her the duty of using ordinary care to maintain the premises in a reasonably safe condition and to warn her of any hidden dangers. See Wynne v. Spainhour, 205 S.E.2d 634, 635 (Va. 1974). Notice is not required where the danger is open and obvious to a person exercising reasonable care for his own safety. See Acme Mkts., Inc. v. Remschel, 24 S.E.2d 430, 433 (Va. 1943). And a landowner is not an insurer of the invitee's safety. See Langhorne Rd. Apartments v. Bisson, 150 S.E.2d 540, 542 (Va. 1966); Nolan v. United States, 186 F.2d 578, 579 (4th Cir. 1951) (applying Virginia law).

In the case of snow removal, the Virginia Supreme Court has defined the standard of care, requiring the business owner to "use reasonable care to remove natural accumulations of snow and ice from walkways reserved for the common use . . . within a reasonable time after the storm ceased." Id. However, there is no duty to insure that all snow and ice is removed, so long as a systematic effort is

_____

*Betterton settled her claims against Miller.

3

undertaken. See Wynne, 205 S.E.2d at 635; Walker v. Memorial Hosp., 45 S.E.2d 898, 902 (Va. 1948).

Here, the United States, under a prior agreement with Paul Lewis, Sr., had the lot cleared the Monday following the snowstorm. The snow was pushed to the lower end of the lot so that melting snow would not flow onto the parking lot. Although Betterton contends that shovels were not used to remove any remaining snow or ice and that chemicals were not applied to the parking lot, the record shows otherwise. While the Postmistress and several other employees did not recall whether these measures were taken, Lynwood Keatts, a postal employee, specifically recalled that he and several other postal employees shoveled the loose snow that the front-end loader could not get. Although there remained some patches of ice, a number of people testified that the lot was in "excellent shape," "very good shape," and "as clean as you could ordinarily have it after snow."

Given the facts that the United States had the lot cleared, postal employees used shovels to remove the loose snow, no further precipitation fell between the clearing of the lot and the accident, and the temperatures on January 9 and January 10 were warm (fifty-one degrees on Tuesday, and forty-six on Wednesday), we find that even if some ice and snow remained, the United States fulfilled its duty to exercise ordinary care to maintain the parking lot in a reasonably safe condition. See Wynne, 205 S.E.2d at 635 (no duty to insure all snow and ice removed). Any "remaining icy spots in the lot were open and obvious, and [the United States] was not required to warn of their presence." Kings Mkts. Inc. v. Yeatts, 307 S.E.2d 249, 253 (Va. 1983) (citing Wynne, 250 S.E.2d at 635). We find that the district court properly determined that the Post Office had no duty to insure that the parking lot was totally free of ice and snow and thus properly granted summary judgment in favor of the United States.

Accordingly, we affirm the district court's order granting summary judgment in favor of the United States. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4