**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-1753**

─────────────

RONNIE SANDERSON,

Plaintiff - Appellant,

versus

BODDIE-NOELL ENTERPRISES, INCORPORATED, d/b/a
Hardees of Emporia,

Defendant - Appellee,

and

ALVIN TEETER; SYLVIA GRAY,

Defendants,

versus

YOUNG BROADCASTING OF RICHMOND, INCORPORATED,

Party in Interest.

----------------------------------

JOEL D. BIEBER,

Movant.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, District
Judge.  (CA-04-888-3)

─────────────

Submitted:  February 2, 2006          Decided:  February 28, 2006

_____

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Joel D. Bieber, Richmond, Virginia, for Appellant.  C. Kailani Memmer, Elizabeth K. Dillon, GUYNN, MEMMER & DILLON, P.C., Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronnie Sanderson appeals the district court's grant of summary judgment to Boddie-Noell Enterprises, Inc. on Sanderson's negligence claim. Because we conclude that the district court properly granted summary judgment, we affirm.

I.

At approximately 6:30 a.m. on January 27, 2004, Sanderson stopped at a Hardee's restaurant in Emporia, Virginia, for breakfast. It had snowed recently, and because of the road conditions Sanderson drove to the Hardee's with his vehicle in four-wheel drive. Sanderson noticed that the restaurant's parking lot had been plowed and that the sidewalk had been cleared. As Sanderson stepped from the parking lot onto the sidewalk to enter the restaurant, he slipped and fell.

Sanderson's amended complaint alleged that Boddie-Noell, the owner of the Hardee's, was negligent for failing to clear the sidewalk of snow and ice and failing to warn of the danger. Depositions were taken of Elizabeth Brown, Alvin Cheatham, Fancis Murr, and Sylvia Gray, all of whom are employees of Boddie-Noell. Each employee testified that Cheatham had salted the sidewalk prior to Sanderson's arrival. In addition, two employees testified that warning signs had been placed on the sidewalk before Sanderson's

3

arrival; the others could not remember whether the signs were there.

Sanderson testified in his deposition that he did not know whether salt and ice melt had been placed on the sidewalk before his arrival and that he had no reason to dispute that salt or ice melt had been used on the sidewalk. He also testified that he did not "think" he saw warning signs on the sidewalk. After considering these depositions, the district court concluded that "the record [was] legally insufficient to establish that Boddie-Noell breached its obligation." (J.A. at 356.)

## II.

"Summary judgement is appropriate when a party, who would bear the burden on the issue at trial, does not forecast evidence sufficient to establish an essential element of the case . . . such that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law . . . ." Wells v. Liddy, 186 F.3d 505, 520 (4th Cir. 1999) (internal quotation marks and citations omitted). "Viewing the facts in the light most favorable to the non-moving party, we review the grant of summary judgment de novo." Id.

"The essential elements of a negligence claim in Virginia, as elsewhere, are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3)

4

injury to the plaintiff proximately caused by the breach." Talley v. Danek Medical, Inc., 179 F.3d 154, 157 (4th Cir. 1999) (citing Locke v. Johns-Manville Corp., 275 S.E.2d 900, 904 (Va. 1981)). In this case, the district court concluded that Sanderson was an invitee on the premises of Boddie-Noell and that Boddie-Noell owed a duty to Sanderson to "maintain the premises in a reasonably safe condition and to warn him of hidden dangers." (J.A. at 355.)

Under Virginia law, however, a business "may wait until the end of a storm and a reasonable time thereafter before removing ice and snow from an outdoor entrance, walk, platform, or steps." Amos v. Nationsbank, N.A., 504 S.E.2d 365, 366 (Va. 1998). The district court concluded that there existed a genuine issue of material fact whether the storm had ceased, thereby triggering Boddie-Noell's duty to remove the snow and ice. Although Boddie-Noell contends the district court erred on this point, we need not address that contention because the district court was correct to conclude that the record was legally insufficient to show that Boddie-Noell breached its duty to maintain the premises in a reasonably safe condition.

The depositions of the Boddie-Noell employees established that the sidewalk had been scraped and salted and that warning signs had been placed prior to Sanderson's arrival. Sanderson presented no evidence to contradict these facts. Under Virginia law, "scraping the snow . . . soon after the storm and attempting thereafter to

5

remove systematically the remaining spots of ice . . . [is] all that ordinary care required to maintain [the] premises in a reasonably safe condition for [Sanderson's] visit." <u>Wynne v. Spainhour</u>, 205 S.E.2d 634, 635 (Va. 1974).

Because Boddie-Noell did not breach its duty to Sanderson, Sanderson's negligence claim fails as a matter of law. We therefore affirm the district court's grant of summary judgment to Boddie-Noell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>